## WRIGHT *v.* BOON.

A judge cannot act as attorney in a case pending before him.

When a case comes before a judge, in which he has been engaged as attorney he should order a change of venue.

A judge cannot delegate his power to another, nor can a person be authorized to act as judge by agreement of the parties to a suit.

*Error to Polk District Court.*

*Opinion by* KINNEY, J. Boon sued Wright before a justice of the peace upon two promissory notes, one for $53,33, the other for $34,87.

The case was tried by a jury and a verdict returned in favor of the defendant for eighty three dollars and twenty two cents. The plaintiff appealed to the district court of Dallas county, and by change of venue the cause was removed to the district court of Polk, where it was tried and a verdict of fifty seven dollars and fifty cents found for Boon. Wright then filed his motion to set aside the verdict for the following reasons: Because William Mc-.

Kay judge of the fifth judicial district of the state of Iowa, appeared as counsel for William D. Boon, and also the said judge signed the instructions written and given by W. W. Williamson who presided as judge in the cause. This motion was overruled and judgment entered upon the verdict. Whereupon Wright sued out a writ of error and assigns as error:

1st. The court erred in acting as counsel and judge in the same case.

2d. The court erred in overruling the motion to set a-side the verdict and grant a new trial.

The following agreement appears of record. Now come McKay and Jewett attorneys for plaintiff, and Cassady & Perry attorneys for the defendant and by agreement of parties heretofore made, W. W. Williamson, Esq. presided in the case instead of the Hon. William McKay who was one of the counsel before he was elected judge. The record we think sufficiently discloses the fact that his honor judge McKay acted as counsel in the court of which he was presiding and sole judge.

He as counsel is party to the agreement by which a member of the bar is substituted as judge. A motion is made to set aside the verdict in which it is stated that the judge acted as counsel, and nothing is shown to rebut this charge. The question raised by the assignment of errors is, can parties substitute a person to act as judge in the place of the judge, and can the judge act as counsel in a cause in his own court. By the statute it is provided that in all cases where the judge is interested or prejudiced, or is related to, or shall have been counsel for either party, the court shall in term time without application from either party award a change of venue. *Rev. Stat.* p. 639, § 5. Judge McKay having been counsel in the case before his election as judge, he should have ordered a change of venue as required by this statute. Parties cannot agree even with the consent of the judge, to depose the court and substitute another to act as judge in the trial of causes. The bench cannot in this way be vacated

nor the powers of the court thus delegated to another. Williamson possessed no more authority upon the bench than before he occupied the seat. Nor was it within the power of the court to confer upon him the stipulated judicial authority. The judge alone was endowed by law with the duties and responsibilities which pertain and belong to the court, and if these are assumed by another or attempted to be conferred by the court or parties, all proceedings emanating from such assumed or enforced authority will be absolute nullities, and should be declared void whenever attempted to be enforced. This being the case the impropriety of the judge leaving the bench and appearing as counsel in a cause on trial in his own court is perfectly apparent, a judicial indiscretion which inexperience may palliate, but an error sufficient to reverse any judgment thus obtained.

The court therefore erred in refusing to set aside the verdict. The judgment of the court below is reversed and a trial *de novo* awarded.

Judgment reversed.

*J. M. Perry*, for plaintiff in error.

*Jewett, Wright & Knapp*, for defendant.