*J. W. Gordon, P. H. Ward, T. M. Browne, R. N. Lamb,* and *J. N. Kimball,* for appellant.

*J. M. Allen, W. Mack,* and *J. W. Davis,* for appellees.

———————⬦———————

## WILLETT ET AL. *v.* PORTER ET AL.

PLEADING.—*Contest of Will.*—The proceeding to contest a will is statutory; and the statute (2 G. & H. 559, sec. 39) providing that any person may " contest," etc., " by filing in the proper court his allegation in writing, verified by his affidavit setting forth," etc., is complied with when the complaint has been sworn to by any one or more of the plaintiffs.

SAME.—*Unsound Mind.*—In a proceeding to contest a will, the general allegation that the testator was of unsound mind includes every species of unsoundness of mind.

SAME.—*Will.*—*Undue Execution of.*—In such proceeding, the allegation that the will was unduly executed includes duress, fraud, and whatever else goes to show undue execution.

SAME.—*Parties.*—*Defect of.*—A demurrer to a complaint on the ground of a defect of parties defendants should be overruled, where it is not shown who ought to be made defendants.

PRACTICE.—*Return of Verdict.*—*Clerk.*—The clerk of a court cannot, by agreement of the parties to an action, in the absence of the judge, preside at the return of the verdict and during the polling of the jury, receive the verdict, and discharge the jury.

JURISDICTION.—*Circuit Court.*—*Court of Common Pleas.*—*Change of Venue.*—A proceeding to contest a will is required to be commenced in the court of common pleas, but the transfer of the same from the common pleas to the circuit court may be presumed to be governed by the statute providing for change of venue to the circuit court.

SAME.—The parties to such a proceeding in the court of common pleas, having agreed of record that the proceeding should be transferred to the circuit

court, which had jurisdiction of the subject-matter, and in the latter court having appeared and gone to trial without objection, could not afterward object that the transfer had been erroneously granted.

PRACTICE.—*Evidence.*—Immaterial matter in a complaint may be struck out on motion, or evidence offered in support of it may be rejected.

EVIDENCE.—In a proceeding to contest a will on the ground of the unsoundness of mind of the testator and the undue execution of the will, evidence of the amount of property the widow owned when she married the testator was held inadmissible.

SAME.—In such a proceeding, evidence is inadmissible, that the widow in the lifetime of the testator, after the will was made, filed a petition for divorce from the testator, then her husband, which was pending at the time of his death.

APPEAL from the Hancock Circuit Court.

DOWNEY, J.—This was a proceeding to contest and set aside the will of Isaac Willett, deceased; and the probate thereof, instituted by the appellees, who are children and grandchildren of the deceased, against the appellants, who are the widow and certain others of his grandchildren.

The widow, it is alleged, was the second wife of the deceased. The complaint is in one paragraph.

It is alleged that at the time of the marriage of the deceased to the said Selinda, his last wife, his property was worth about seventeen thousand dollars, while hers was worth about fifty or seventy-five dollars, he having the children and grandchildren mentioned in the complaint; that in 1859 he became afflicted with *hemiplegia,* losing entirely the use of one side of his body, and became sick, weak, helpless, and of unsound mind, and remained so until the day of his death, which was the fourth of April, 1867. It is charged that Selinda, contriving and intending fraudulently to deprive the said plaintiffs of their inheritance, and to procure and appropriate the same exclusively to herself and her heirs forever, did on the 18th of October, 1864, falsely and fraudulently influence, induce, persuade, and procure the said Isaac Willett to make and cause to be made and executed the will in question; that the making of said will was procured by persuasion, undue influence, fraud, and deceit; that at the time of the making of said will, the

deceased was sick, weak, and debilitated with age and *hem-iplegia,* one side of his body, including one side of his head, one arm and leg paralyzed, and he almost helpless in body, and weak and unsound in mind and memory, for a long time before, at the time of making the will, and remained so until his death; that immediately after the making of said will, the said Selinda ordered and directed one Henry Dunn, a witness thereto, never to talk about or speak of the will, and herself took possession of the same and kept it concealed from the plaintiffs, and soon afterward commenced complaining of and expressing dissatisfaction with said deceased, his home, and society, and abandoned him in his affliction, and brought an action in the Hancock Circuit Court for a divorce and alimony, which was pending and untried at the time of his death; that on the next day after the deceased was buried, she had said will proved by the witness Dunn, and had the same recorded; wherefore, etc. By the will, a copy of which is in the record, the deceased devised to four of his grandsons forty acres of land each, the devise to each one to take effect when he arrived at the age of twenty-one years. To his wife he gave the residue of his estate, "to have and to hold the same to her, her executors, administrators and assigns, absolutely and forever."

Subsequently, the plaintiffs amended their complaint by alleging as new objections to the will, that " it was not duly executed, but was unduly executed; that the deceased, at the time of executing it was of unsound mind, and that, after the making of the will, when he was in a sound state of mind, in 1865, with the intention of revoking and destroying the same, he requested his said wife to hand the same to him, and that she, to deceive, cheat, and defraud the children and heirs of the deceased, and to mislead and deceive her husband, falsely pretended to deliver the same to him, but in fact delivered to him another and different paper, which he believed to be the said will, and that he so believing, without examining it, with the intention of revoking and destroying the same, threw the

same into the fire, to be consumed thereby, and which paper was then and there consumed; and he ever afterward believed that he had revoked and destroyed the same in the manner stated; wherefore," etc. The complaint and amendments thereof are verified by Thomas Osborn only, one of the plaintiffs.

The defendants moved the court to dismiss the action as to all the plaintiffs who had not sworn to the complaint; but their motion was overruled, and they excepted by bill of exceptions.

The defendants demurred to the complaint, for the reasons that it did not state facts sufficient to constitute a cause of action, because the same was not verified by the affidavits of the plaintiffs, and because there was a defect of parties defendants. This demurrer was overruled, and the defendants then answered by a general denial of the complaint. The cause was tried by a jury, and there was a general verdict for the plaintiffs, with answers to certain interrogatories.

The defendants objected to the verdict, and moved to set it aside, and for a *venire de novo*, on the grounds, 1. It was not the verdict and finding of each of said jurors. 2. Because, on the return of the verdict, on polling the jury, one of them answered that he consented to it, "but it was not as he wished," and on the question being repeated, refused to answer; and thereupon the defendants moved that the jury be directed to retire to their room and consider further of their verdict, to which the plaintiffs objected, and the court refused to order the jury to retire, and said paper was received by the clerk as the verdict of the jury. 3. Because, on Saturday morning of the day on which said verdict was returned by the jury, the judge of the court not being a resident of said county, it was not convenient for him to remain over Sunday; it was therefore agreed by the attorneys for the parties, that the clerk of said court should receive the verdict instead of the court, in the presence of the parties and attorneys; that the jury, in the afternoon of said day, returned said verdict to the clerk of said court, in the court

Willett *et al. v.* Porter *et al.*

room, in the presence of the parties and the attorneys, and thereupon the defendants proceeded to poll the jury; and upon polling them, one of jurors refused to answer that the verdict was his verdict, and the jury was discharged. These objections and motion were overruled. The defendants then moved the court to grant them a new trial, which motion was also overruled. They then moved in arrest of judgment, because the court had no jurisdiction of the subject-matter of the action, and this motion was also overruled. The court then rendered final judgment setting aside the will and the probate thereof, from which the defendants appealed to this court.

Among the errors properly assigned are the following:

1. The refusal of the court to dismiss the action as to the plaintiffs who had not sworn to the complaint.

2. The refusal to order a *venire de novo*.

3. Overruling the motion in arrest of judgment.

4. Overruling the motion for a new trial

5. The court erred in overruling the defendants' demurrer to the complaint.

Properly, we should dispose of the last assigned error first. Counsel for the appellants contend that the complaint is in four paragraphs, and they seek to attack it in that form. We do not think it can be regarded as containing more paragraphs than one. We think it sufficiently alleges the unsoundness of mind of the testator, and the undue execution of the will, the first of which includes every species of unsoundness of mind, and the last includes duress, fraud, or whatever else goes to show undue execution. *Kenworthy* v. *Williams*, 5 Ind. 375; *Reed* v. *Watson*, 27 Ind. 443. There are some immaterial matters stated in the complaint. The part of the complaint relating to the attempted revocation of the will seems to have been rendered unimportant by the finding of the jury as to that part of the case in favor of the defendants. See *Runkle* v. *Gates*, 11 Ind. 95. If there was a defect of parties defendants, it is not shown who else ought to have been defendants.

Next in order, we should consider the first alleged error; that is, the refusal of the court to dismiss the action as to the plaintiffs who had not sworn to the complaint. The proceeding to contest the validity of a will is statutory. What the statute, by a fair construction, requires, must be done, in order to sustain the proceeding. Any person may contest the validity of any will, or resist the probate thereof, at any time within three years after the same has been offered for probate, by filing in the proper court his allegation in writing, verified by his affidavit, setting forth, etc. 2 G. & H. 559, sec. 39. The allegation of the party contesting must be verified by his affidavit. This requirement of the statute, in the opinion of a majority of the court, is complied with when the complaint has been sworn to by any one or more of the plaintiffs.

The next question relates to the refusal of the court to set aside the verdict of the jury and award a *venire de novo.* The facts relied upon in the motion are shown by the bill of exceptions to be true. Were we to sanction the practice resorted to in this case, in thus substituting, even by the agreement of counsel, the clerk of the court, or some one else, in the place of the judge of the court, and hold that such person could legally hold the court, preside at the return of the verdict and during the polling of the jury, receive the verdict, and discharge the jury, we should never know where to stop. We must hold that the verdict, under the circumstances shown, without reference to the answer of the juror as to his dissatisfaction with it, was wholly invalid, and that the court should have set it aside and awarded a *venire facias de novo.* See *Trout* v. *West,* 29 Ind. 51. The policy of our legislation allowing the judges of the courts to depute some one else to act in their place is not so clearly beyond question as to justify any wide departure from the terms of those enactments.

We are unable to see any merit in the motion in arrest of judgment. The ground of the motion was the supposed want of jurisdiction of the court of the subject-matter of the

action. It is true that the statute required the action to be commenced in the common pleas, and not in the circuit court. The action was commenced in the common pleas, but by agreement of the parties it was transferred to the circuit court. In some cases there may be a change of venue from the common pleas to the circuit court. 2 G. & H. 21, sec. 10. It may be presumed that the case was one governed by this statute. Where the court to which the change has been granted has jurisdiction of the subject-matter, and the parties have agreed to the change, the agreement entered of record gives jurisdiction to the court to which the change is taken; and if the parties appear and go to trial, without making any objection, as in this case, they can not afterward object that the change was erroneously granted. *Judah v. The Trustees of Vincennes University*, 23 Ind. 272; *Garner's Adm'r v. Board*, 27 Ind. 323.

Next, as to the questions which arise out of the overruling of the motion for a new trial. We do not propose to examine all these questions.

The plaintiffs were allowed to prove, over the objection of the defendants, the amount of property which the widow owned at the time of her marriage to the deceased. This is one of the immaterial matters alleged in the complaint, and it was proper for the defendant either to move to have it stricken out or to object to any evidence offered in support of it. If there was any legal reason why this evidence should have been admitted, we do not see it. We think it was inadmissible.

The court also, over the objection of the defendants, admitted in evidence the petition for a divorce which had been filed by the said Selinda against her husband, and which was pending at the time of his death. The proceeding for a divorce was commenced some time after the will was made. We are unable to see what bearing it could have upon the real questions involved in this case, and think it was improperly admitted. It may have misled the jury, to the prejudice of the appellants.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.

*W. March, W. R. Hough,* and *A. W. Hough,* for appellants.