CHARLES INGERSOLL, RESPONDENT, *v.* THE TOWN OF LANSING, APPELLANT.

*When a verdict will be set aside because of the coercion of the jury — the duties of the presiding justice, after a jury has retired, stated — no authority, except a Circuit Court, can control a jury or receive its verdict.*

In this case the justice presiding at the trial, on submitting it in the afternoon of Friday, March 16, 1888, to the jury, informed the jury that when the court adjourned for the day it would be adjourned until the following Tuesday, March twentieth, at 10 A. M., and by the consent of the attorneys for both parties he directed the jury (unless they agreed before the court adjourned for the day) to report their verdict to the clerk, who was directed to receive and enter it. Later in the day the justice left for his home, some fifty miles distant. At 7 P. M. of that day the clerk and crier entered the court-room and the jury not reporting adjourned the court until Saturday at 9.30 A. M., at which time they returned to the court-room; the crier proclaimed that the court was open, and thereupon the jury came into court with an oral verdict for the plaintiff for seventy-five dollars. The clerk entered the verdict, discharged the jury and the crier proclaimed the court adjourned until Tuesday at 10 A. M., at which time the justice returned and the court was opened. All of these adjournments were entered in the minutes by the clerk.

Upon an appeal from an order denying a motion made by the defendant to set aside the verdict and for a new trial, upon the ground that the jurors were required to agree or to remain together from March sixteenth to March twentieth, and that that was undue coercion:

*Held*, that as the court made no provision for dicharging the jury during the absence of the presiding justice from the county unless they agreed, which compelled them to bring in a verdict or remain in confinement for four days without the aid, protection, or even the presence of the court, this direction was coercive and improper and that the trial court erred in refusing to set aside the verdict.

That the duties of the presiding justice, after a jury has retired, in facilitating their deliberations by causing to be read to them parts of the evidence, by further instructions, by repeating or explaining instructions already given, and in determining when they shall be discharged without an agreement, and in receiving the verdict, are clearly judicial, and as important as the duties performed before the case is submitted, and the discharge of these duties can neither be abandoned nor all, nor any one of them, delegated to the clerk and crier.

There cannot be a Circuit Court without the personal presence of a justice of the Supreme Court, and no authority, except the Circuit Court, has the power to control the jury or receive its verdict.

APPEAL from a judgment in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins, on March 22, 1888,

upon the verdict of a jury, rendered at the Tompkins Circuit, and also from an order denying a motion for a new trial made upon the minutes of the justice presiding at the trial, which was entered in the same office on March 22, 1888.

*Newman & McLachlan,* for the appellant.

*Simeon Smith,* for the respondent.

FOLLETT, J.:

Appeal from a judgment entered on a verdict and from an order denying a motion for a new trial made on the minutes and heard in this court on a case which contains all of the evidence.

The record shows that this case was submitted to the jury in the afternoon of Friday, March 16, 1888. The justice presiding informed the jury that when the court adjourned for the day it would be adjourned until the following Tuesday, March twentieth, at 10 A. M., and, by the consent of the attorneys for both parties, he directed the jury (unless they agreed before the court adjourned for the day) to report their verdict to the clerk, who was directed to receive and enter it. Later in the day, and before the jury agreed, the justice left for his home, some fifty miles distant. At seven o'clock P. M. of March sixteenth the court and crier entered the court-room, and, the jury not reporting, the crier proclaimed an adjournment of the court until Saturday, March seventeenth, at 9.30 A. M., at which time they returned to the court-room, and the crier, we assume, proclaimed that the court was open, and thereupon the jury came into court with an oral verdict for the plaintiff, assessing his damages at seventy-five dollars. The clerk entered the verdict and discharged the jury, and, thereupon, the crier proclaimed an adjournment until Tuesday, March twentieth, at 10 A. M., at which time the justice returned and the court was opened and thereafter held; all of these adjournments were entered in the minutes by the clerk. Later in the term the attorneys for the defendant moved to set aside the verdict and for a new trial, upon the ground that the jurors were required to agree or remain together from March sixteenth to March twentieth, and that it was undue coercion. The motion was denied.

The court made no provision for discharging the jury during the

absence of the presiding justice from the county unless they agreed, which compelled them to bring in a verdict or remain in confinement for four days, without the aid, protection or even presence of the court. This direction was coercive and improper, and the trial court erred in refusing to set aside the verdict. (*Green* v. *Telfair*, 11 How. Pr., 260; *Pierce* v. *Pierce*, 38 Mich., 412.)

We do not intimate that circumstances may not exist justifying the detention of a jury for more than four days, provided there is a court ready to aid them in their deliberations or to relieve them from confinement in case it becomes apparent that further deliberation will be unavailing, or further confinement unreasonably oppressive to some or all of the jurors. The duties of the presiding justice, after a jury has retired, in facilitating their deliberations by having read parts of the evidence, by further instructions, by repeating or explaining instructions already given and in determining when they shall be discharged without an agreement and in receiving the verdict, are as clearly judicial and as important as the duties performed before the case is submitted, and the discharge of them can neither be abandoned nor all, or any of them, delegated to the clerk and crier. There cannot be a Circuit Court without the personal presence of a justice of the Supreme Court, and no authority, except the Circuit Court, has power to control the jury or receive its verdict.

The judgment and order are reversed, and a new trial is granted, with costs to abide the event.

KENNEDY, J., concurred.

MARTIN, J.:

I concur in the result, but I am not prepared to hold that the parties to an action may not, under any circumstances, stipulate that the verdict may be received and entered by the clerk in the absence of the judge and be bound by such stipulation. I regard the decision of that question at this time as unnecessary.

Judgment and order reversed upon errors of law and a new trial granted, with costs to abide the event.