ROGAN v. MULLINS et al.

(Supreme Court, Appellate Division, First Department. November 19, 1897.)

INCONSISTENT VERDICT—REFUSAL TO ACCEPT.

In an action to recover for personal injuries, in which the evidence was overwhelming that plaintiff's injuries were substantial, the jury returned a verdict for plaintiff for six cents damages. The judge refused to accept the verdict, and stated to the jury that, if they believed the plaintiff was injured, as she claimed, and solely through the fault of the defendants, she was entitled to more than nominal damages, and directed them to retire, and deliberate further, whereupon they subsequently returned a verdict for plaintiff for $250. *Held*, that the judge did not exceed his authority.

Appeal from trial term, New York county.

Action by Mary Rogan against Denis Mullins and others. From the judgment entered on a verdict of a jury, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

David McClure, for appellants.

James P. Niemann, for respondent.

BARRETT, J. The action was brought to recover for personal injuries alleged to have been caused by the defendants' negligence. Upon proofs sufficient for the consideration of the jury, the case was submitted to them, upon a charge which was entirely unexceptionable. The jury at first returned a verdict for the plaintiff for six cents damages. This the learned trial judge refused to accept. We quote his observations as they appear in the record:

"The Court: We cannot accept that verdict. That verdict is inconsistent. If you believe the plaintiff was injured in the manner in which she claims she was injured, and through the fault of the defendants solely, and without any fault of her own, she is entitled to more than nominal damages. You may again retire, and further deliberate on your verdict. If the plaintiff sustained the injury she complains of in this action, and if she has sustained those injuries solely through the fault of the defendants, and without fault of her own, she is entitled to more than nominal damages. I need only call your attention to that, and you will see that that verdict is inconsistent. You may again retire, and see if you can agree."

The defendants' counsel excepted to this ruling, and asked that the jury be discharged. The jury, however, retired, and subsequently returned a verdict for the plaintiff for $250, upon which the judgment appealed from was entered.

The evidence, which we need not review, establishes conclusively that the plaintiff, if entitled to recover at all, had the right to more than nominal damages. If not the undisputed evidence, at least the overwhelming weight of evidence, showed that the plaintiff's injuries were substantial; and, if they were caused by the defendants' negligence, without fault on her part, she was entitled to such sum as would fairly compensate her therefor. The question, therefore, is whether the trial judge exceeded his authority in directing the jury to reconsider their verdict. We think not. The matter of

further consideration was subject to his control until the jury were finally discharged. Where a plain mistake has been made, it would be intolerable to require the acceptance of a manifestly insufficient verdict, only that such verdict, when recorded, should be at once set aside, and a new trial ordered before another jury. That would be to put the parties to the expense and delay of another trial, and also to waste public time and money, because, perhaps, of a mere inadvertence, or of some notion which a single word might dissipate. The rule is clearly the other way. It has always been held that a verdict might be reconsidered and corrected while the matter is still sub judice, and before the final discharge of the jury. In Blackley v. Sheldon, 7 Johns. 33, the jury found a verdict for the defendant, and the trial judge was so thoroughly convinced of their error that he urged them to reconsider the case. They did so, and found for the plaintiff, and the judgment was affirmed. The supreme court said:

"The law is well settled that, before a verdict is recorded, the jury may vary from the first offer of their verdict, and the verdict which is recorded shall stand. * * * The verdict is not recognized as valid and final until it is pronounced and recorded in open court, and it is reasonable that the jury should avail themselves of the locus pœnitentiæ, and correct a verdict which they have mistaken, or about which, upon further reflection, they have doubt. * * * The court may also, of its own accord, send the jury back to reconsider their verdict, if it appears to be a mistaken one, before it is received and recorded."

The court also said that this was the law of England, for which citations were there given. This case was cited with approval in Warner v. Railroad Co., 52 N. Y. 438, and must be taken as settling the law in this state that, until the jury is actually discharged, they may correct or alter their verdict, either at their own instance or that of the court. We may add that the mere entering of the verdict upon the minutes is not that recording which makes the announcement and the clerical act the fixed and unalterable verdict of the jury. This was distinctly decided in the Warner Case (page 443), and the rule laid down that the power of the jury over their verdict does not cease until their dismissal. Upon the same principle, the power of the court to request a reconsideration remains until dismissal. The same view as to the power of the court has been taken in other states (Goodwin v. Appleton, 22 Me. 453; Woodruff v. Richardson, 20 Conn. 238; Heller v. State, 23 Ohio St. 582; People v. Jenkins, 56 Cal. 4), and it may safely be said to be the settled law of England and of this country.

As we have seen, the evidence fully warranted the judge's action in requesting reconsideration, and we think he acted discreetly, as well as firmly, in sending the jury back. In view of the verdict for the plaintiff, the mistake was solely in the award of nominal damages. The jury could not, upon the evidence, have said that the damages were inappreciable. The judge was right, therefore, in calling their attention to the inconsistency of such a verdict, and instructing them that they had made a mistake, and that, if the plaintiff was entitled to recover at all,—which was thus still left

to them to decide,—she was entitled to at least more than nominal damages.

The judgment was right, and should be affirmed, with costs. All concur.