James E. Lyon, Appellant, *v.* Mary Brown, Respondent.

*Trial — a jury, after sealing a verdict and separating, may be directed to recon-sider its form — they need not retire while doing so — transfer by a client to her attorney — a court refusing to allow further evidence upon the question of consideration should not submit the question of consideration to the jury.*

The fact that a jury have signed and sealed their verdict and have separated before the opening of the court does not deprive the court of the right to send the jury back, when the verdict has been opened, to reconsider it; and where a verdict has been rendered for the plaintiff for a definite sum the court may direct the jury to alter it so as to be in form for the plaintiff on the first cause of action alleged in the complaint and for the defendant on the second cause of action, provided the jury finally agree to the verdict as thus altered.

It is not necessary for the jury to retire for the purpose of considering the form of the verdict.

Where, in an action growing out of a transfer by a client to her attorney, the plaintiff, who claims under the attorney, is refused permission to give all the testimony he has at hand to show what the actual consideration was, the court stating that there was then sufficient in the testimony to entitle the plaintiff to claim that his cause of action must not fall for want of a consideration, it is improper for the court to charge the jury that it was necessary for the plaintiff to establish that there was a sufficient consideration and that they must be able to discover and say what that consideration was.

Appeal by the plaintiff, James E. Lyon, from a judgment of the Supreme Court, entered in the office of the clerk of the county of

New York on the 22d day of November, 1897, upon the verdict of a jury (except that part which adjudges that the plaintiff recover the sum of $2,440), and especially from that portion of said judgment which makes a deduction of $170.92, and that portion which adjudges that the defendant recover judgment against the plaintiff on the second cause of action; and also from so much of two orders entered in said clerk's office on the 27th day of October, 1897, and the 15th day of November, 1897, respectively, as denies the plaintiff's motion for a new trial made upon the minutes, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 6th day of April, 1898, amending the judgment.

*A. G. N. Vermilya,* for the appellant.

*Norman J. Marsh,* for the respondent.

RUMSEY, J.:

The complaint contains two causes of action, both of which were put in issue at the trial. The plaintiff recovered a verdict upon the first cause of action and the defendant succeeded on the second. Each party entered a judgment upon that portion of the verdict which was in his favor, and the plaintiff has appealed from the judgment which was entered against him by the defendant upon the verdict in her favor on the second cause of action. The plaintiff in the first place objects to the regularity of the verdict because he says that it was not the one rendered by the jury. The facts are that while the jury were out considering their verdict the court adjourned for the day, and the jury were directed to render a sealed verdict on the next day. At the opening of the court in the morning the jury came in with a sealed verdict for the plaintiff for the sum of $2,440. This verdict, however, was not satisfactory to the court, who directed that it should be altered so as to be in form for the plaintiff on the first cause of action, and for the defendant on the second cause of action. This seems to have been agreed to by the jury, and the verdict was thereupon entered in that way, and it appears in the record that the verdict as recorded was for the plaintiff for the sum of $2,440 on the first cause of action, and for the defendant on the second cause of action, and judgment was entered

in pursuance of the verdict rendered in that way. We see no objection to the proceedings which were taken on the coming in of the verdict. The fact that the jury had signed and sealed their verdict and separated before the opening of the court in the morning did not deprive the court of the right to send them back when the verdict had been opened to reconsider their verdict, if it was thought advisable or necessary for any reason to do so. (*Rogan* v. *Mullins*, 22 App. Div. 117, and cases cited.) It was not necessary that the jury should retire for the purpose of considering the form of their verdict. There was no reason why it should not have been put into proper form in presence of the court, as was done in this case. If the jury finally agreed to the verdict as it was rendered, and it was entered as agreed upon, there was no irregularity, and there seems to be no doubt that this was what was done.

During the trial a large number of exceptions were taken by the plaintiff, many of which we have not found necessary to consider, because, in our judgment, there must be a new trial for certain errors in the charge, which occurred in the following way :

It was alleged for a second cause of action that the defendant had been the owner of a judgment for a deficiency recovered in an action for foreclosure, in which she was plaintiff, and that she had assigned that judgment to one Peter B. Vermilya for the joint benefit of herself, Allen G. N. Vermilya and Peter B. Vermilya, and that afterwards the judgment was reassigned by Peter B. Vermilya to the defendant, upon the agreement that two-thirds of it belonged to the two Vermilyas, and the defendant should pay over to them, or to their assigns, two-thirds of all she received upon it. The complaint further alleged that the defendant received the amount of the deficiency judgment and delivered a satisfaction of it. The interest of the two Vermilyas in the judgment had been assigned to the plaintiff who sought to recover in this action the two-thirds to which he claimed they were entitled. The defense was that the judgment was assigned to Peter B. Vermilya to be used as collateral to a promissory note made by the defendant, which he was to negotiate for her benefit, and that it was taken for that purpose and for no other. Upon the trial the plaintiff sought to prove that Vermilya advanced moneys to defendant at various times and gave her notes to be discounted for her benefit shortly before the deficiency

judgment had been assigned, and in various other ways he attempted to prove the relations of the Vermilyas with the defendant concerning the deficiency judgment by way of showing that there was a sufficient consideration passing from the Vermilyas to Mrs. Brown to support the assignment of the deficiency judgment by her to them. This evidence was all excluded, the court finally saying that there was sufficient in the testimony to entitle the plaintiff to claim that his cause of action must not fall for want of a consideration; that there was no serious trouble, in his judgment, on that point. He said, further, that the only object of the inquiry was to show that there was a consideration for the agreement, and it had already been testified that there were previous agreements and that this agreement for a portion of the deficiency judgment was made by reason of the previous arrangements. For that reason the court sustained the objection to evidence as to the consideration for this judgment. It appeared in the testimony that Allen G. N. Vermilya and Peter B. Vermilya were attorneys and that Peter B. Vermilya was counsel for Mrs. Brown at the time when these transactions took place. The court was requested to charge and did charge that transactions between an attorney and a client, to the benefit of the attorney and to the disadvantage of the client, are presumably invalid, and that it was for the attorney to show that they were just and fair. He charged also that an attorney who seeks to avail himself of a contract made with his client must establish affirmatively that it was made by the client with full knowledge of all the material circumstances known to the attorney, and that such contract is in every respect free from fraud on his part or misconception on the part of the client, and that a reasonable use was made by the attorney of the confidence reposed in him. He also charged that before the plaintiff could recover upon the second cause of action the jury, even if they found that there was some understanding with reference to the deficiency judgment, must find that the same was founded upon a consideration, and that the jury themselves must be able to discover and say what such consideration was.

The plaintiff objected to the charge so far as these three propositions were concerned and took an exception separately to each one of these three propositions. It is not disputed that these propositions, abstractly, stated as propositions of law, are correct, and it may

well be that it was proper to charge each one of them in this action; but yet, in view of the course which was taken in the admission of testimony, we are of the impression that the charge thus made operated seriously to the disadvantage of the plaintiff.

Peter B. Vermilya, through whom plaintiff derived his title, was counsel for the defendant when this transaction was had. The transaction itself consisted in the assignment by the client to her attorneys of a judgment for a large amount, and there can be no doubt that, to enable the plaintiff to recover upon that assignment, he was bound to show that the transaction was a proper one and just and fair in all its parts as between the defendant and her counsel, who were the recipients of this large judgment. In showing that, the question of consideration was exceedingly important. Unless there was a consideration, and that consideration was full and ample, the jury might well say that the plaintiff had not complied with the requirements of the law as stated in the three propositions which were charged, and, therefore, had failed to make out his cause of action. But the defendant insisted that there was no consideration for this transfer. According to her story, the judgment was transferred to Vermilya solely for the purpose of enabling him to use it as collateral security for her benefit. The plaintiff, therefore, in establishing his case was called upon to prove an actual consideration which was denied by the defendant. He was at liberty, therefore, to introduce all the testimony which he had as bearing upon that question. The case of *Crossman* v. *Lurman* (33 App. Div. 422) is ample authority for that proposition, if authority were needed. But this he was not permitted to do. The judge excluded testimony which he offered tending to show that there was a consideration for this judgment, for the express reason, as he stated, that sufficient evidence of the fact had been given to establish the cause of action. After that ruling had been made, the plaintiff surely had the right to believe that no question of consideration would be submitted to the jury. He was entitled to a ruling that he had shown a sufficient consideration to sustain the assignment, or he should have been allowed to give all the testimony he had upon the subject of consideration. It was clearly unjust, after his evidence of consideration had been excluded, for the jury to be told that it was necessary for the plaintiff to establish to their satisfac-

tion that the transfer was founded upon a consideration, and that they must be able to discover and say what that consideration was.

The jury were told that as the plaintiff derived his title to this judgment from the attorneys and counsel for the defendant, he was bound to show that the agreement between them which resulted in this transfer was just and fair in all its parts. That also necessarily involved the fact that there was a consideration for the transfer, but this fact was disputed. Therefore, when the court had refused to permit the plaintiff to give all the testimony he had at hand to show what the actual consideration for this transfer was, it was clearly improper for him to put upon the plaintiff the duty of establishing that there was a sufficient consideration, in the face of the contradiction of that fact by the defendant.

For these reasons the charge worked an injustice to the plaintiff, and a new trial should be granted.

It is unnecessary to consider the various other exceptions which were taken, as it is not certain that any of them will be presented upon another trial, but for the error indicated the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event of the action.

VAN BRUNT, P. J., BARRETT, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.