### FROTHINGHAM et al. v. STILLWELL et al.

(Supreme Court, Appellate Division, First Department.    December 9, 1898.)

COURTS—WAIVER OF JURISDICTION.

     Consenting that an equitable action pending in the supreme court may be placed on the day calendar of the circuit court, and noticing it for trial in the latter court, do not waive the objection that the circuit court has no jurisdiction.

Appeal from special term, New York county.

Action by Julia A. Frothingham and others against Sarah A. Stillwell and another.   From a judgment for plaintiffs, and from an order denying a new trial, defendants Stillwell and Keeler appeal.   Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, and McLAUGHLIN, JJ.

George W. Stephens, for appellants.

George B. Covington, for respondents.

McLAUGHLIN, J.   This action was brought for the purpose of setting aside, on the ground of undue influence, two deeds of conveyance.   The plaintiffs had judgment, from which two of the defendants have appealed.   The action was brought in the supreme court, and thereafter noticed for trial by both parties at a circuit court, and, by consent, placed upon the day calendar of that court for trial.    When the trial was moved by the plaintiffs, and before it had actually been begun, and before any further proceedings had been taken, the defendants appealing objected to the trial by the circuit court, and moved that the case be stricken from the calendar of that court.   The ground of the objection and motion was that the circuit court had no jurisdiction to try the issues involved.   The objection was overruled, the motion denied, and the defendants excepted.   The trial then proceeded, and, at the close of the testimony, the learned trial justice submitted two questions of fact to the jury; and, it having rendered a verdict, the cause was then sent to, and the trial was completed at, a special term of the supreme court, where this verdict was offered and received in evidence.   The trial took place, and the judgment was rendered in 1893, and at that time the circuit court and the supreme court had no connection with each other.   They were separate and distinct courts.   Jones v. Bank, 45 Hun, 156; Ingersoll v. Town of Lansing, 51 Hun, 101, 5 N. Y. Supp. 288; Code Civ. Proc. (Bliss' 4th Ed.) §§ 2, 93, 95, 97, 218, 232, 251, 256.   The distinction which then existed has since been abolished by constitutional amendment. Const. art. 6, § 6.

The action was an equitable one, triable in the supreme court, which alone had jurisdiction of equity causes. The circuit court had no original jurisdiction in equity causes. It was a court of law, and proceedings therein are confined to trial of issues of fact triable by a jury. It had no power to grant equitable relief. That court therefore had no jurisdiction to try any of the issues involved in this action, no order having been made by the supreme court sending such issues there for trial. The learned justice at circuit held that as a notice of trial had been served by the defendants, and the case placed upon the day calendar of the circuit court with their consent, the right to object to a trial by that court had thereby been waived, and that it was then too late to say that that court did not have jurisdiction, and was not the proper one in which to try the case. With this we do not agree. The action was an equitable one, and the defendants were entitled, as we have seen, to have it tried in a court having equity jurisdiction. They could not be deprived of that right by anything short of an express consent on their part, or an order of the supreme court sending certain issues to the circuit court for trial. No such order was ever made, and their consent cannot be implied simply from the notice of trial, and the consent that the case be placed upon the calendar of the circuit court.

In Wheelock v. Lee, 74 N. Y. 495, the court of appeals held that a defendant did not waive his right to a trial by jury by consenting that the case be placed upon the calendar for trial at a special term, and noticing it for trial there. The converse of this proposition must be equally true, namely, that a defendant does not waive his right to a trial by the supreme court, in a case which is triable there, by consenting that the case be placed upon the calendar of the circuit court for trial, and there noticing it for trial. In the Wheelock Case, the court, speaking through Rapallo, J., said:

"The respondent claims that the appellant waived his right to a jury trial by consenting that the case be placed on the calendar for trial at the special term, and by noticing the case for trial at that term. We do not think these acts amounted to a waiver. There was no consent that the action be tried without a jury, and at the first opportunity the defendant demanded a jury trial. * * * It is sufficient to hold that, at all events, there must be some unequivocal act or consent showing an intent to abandon the constitutional right, and no such intention is apparent here."

In the case before us, the defendants, when the trial was moved, and at the first opportunity, objected to a trial by the circuit court, and asked that the cause be stricken from the calendar, because it was not triable there. We think the objection was good. The motion should have been granted. The case came directly within the authority of Wheelock v. Lee, supra. The action was improperly brought on for trial before the circuit court, and for that reason the judgment must be reversed, and a new trial ordered. The conclusion thus reached renders it unnecessary to consider the other objections raised by the appellants.

Judgment must be reversed, and a new trial ordered, with costs to abide the event. All concur.