(38 Misc. Rep. 678.)

### KANE et al. v. HUTKOFF et al.

(Supreme Court, Special Term, New York County. September, 1902.)

1. JURISDICTION—ESTOPPEL TO QUESTION.

    A justice of the supreme court had tried a case at special term, and reserved his decision, when he was temporarily designated by the governor as associate justice of an appellate division. After such designation had been revoked, the parties to the action resubmitted the case to him on the proofs already taken. *Held* that, after judgment rendered, the defeated party was estopped from moving to vacate the same for the temporary lack of jurisdiction, on the ground that Const. art. 6, § 2, forbids a justice of the appellate division from exercising any judicial powers other than those of a justice out of court, and those pertaining to the appellate division, or to the hearing of motions submitted by consent.

Action by Martin Kane and others against Nathan Hutkoff and others. Judgment for plaintiffs. Motion to set aside judgment denied.

Martin H. Murphy, for plaintiffs.
Nathan, Leventritt & Parham, for defendants.

GREENBAUM, J. Motion to vacate and set aside a judgment and the decision on which it was entered. This case was tried before Mr. Justice Davy, sitting at special term, on the 19th day of December, 1901. Decision was reserved. On the 30th day of December the justice was "temporarily" designated as an associate justice of the appellate division of the supreme court, Fourth department, and on the 20th day of May, 1902, the governor revoked the designation. In the month of July, 1902, the justice rendered a decision herein adverse to the defendants, upon which judgment was entered, and which it is here sought to set aside upon the ground that the temporary designation of the justice as an associate justice of the appellate division deprived him of the jurisdiction to decide the case. When the decision in this case was handed down, Mr. Justice Davy was· a justice of the supreme court, with full power to hear and determine a case of this nature, and under such circumstances I do not regard it as correct practice to move before another judge, sitting

at special term, to review the validity of the judgment. "It virtually amounts to an appeal from one special term to another special term for a review of the first order." Platt v. Railway Co., 170 N. Y. 451, 458, 63 N. E. 532, 534. But, assuming it the proper practice to test, by motion, the question here sought to be raised, I am nevertheless of the opinion that the motion should be denied. Section 2, art. 6, of the constitution provides:

"No justice of the appellate division shall exercise any of the powers of a justice of the supreme court, other than those of a justice out of court, and those pertaining to the appellate division or to the hearing and decision of motions submitted by consent of counsel. * * * He [the governor] may also make temporary designation in case of the absence or inability to act of any justice in the appellate division or in case the presiding justice of any appellate division shall certify to him that one or more additional justices are needed for the speedy disposition of the business before it."

In French v. Merrill, 27 App. Div. 612, 50 N. Y. Supp. 776, the court, in construing the first portion of the constitutional provision above quoted, stated that:

"The purpose of the constitution was to absolutely divorce the justices of the appellate division from all connection with the trial courts, except as to motions submitted by consent of counsel, and the command of the constitution is clear and imperative. The jurisdiction exercised by the justices of the supreme court * * * ceased upon their becoming justices of the appellate division."

There is no doubt, therefore, that, while acting as appellate division justice, the learned justice was deprived of jurisdiction to determine this case, and the jurisdiction could not even be conferred by consent, upon grounds of public policy. French v. Merrill, supra; Countryman v. Norton, 21 Hun, 17. But such a rule would assuredly have no application to a case where, after the constitutional prohibition to entertain jurisdiction had been removed by the revocation of the designation to the appellate division, the parties to the action had deliberately consented to submit the case to the justice upon the proofs originally submitted before him.

In Kelly v. Christal, 16 Hun, 242, a motion was made to set aside a decision of Mr. Justice Pratt in a case in which the trial was commenced before him on October 27, 1877, and was concluded on January 26, 1878, upon the ground that his term of office had expired on December 31, 1877, notwithstanding his re-election, and the fact that his new term began upon the expiration of the old. No objection had been made to his proceeding with the trial after January 1st. The court upheld the judgment as valid, stating, among other reasons:

"Besides all this, the element of consent is a sufficient answer to both these points. All the adjournments were without objection, and the parties must now be held to have consented to them, and to the final submission of the case to the judge for his determination."

In Re Mayor, etc., of City of New York, 139 N. Y. 140, 34 N. E. 757, the court of appeals, referring to the case of Kelly v. Christal, supra, says:

"That case was mainly decided upon the fact that after the new term commenced the parties appeared before the judge and went on with the case without raising any question or making any objection until after the decision."

In Countryman v. Norton, supra, where it was held that a referee, who, pending the reference, was appointed to the office of justice of the supreme court, and while acting as such justice decided the case that had been referred to him, had no power to act as a referee in the case, even upon express stipulation, the court nevertheless sent the case back to the same referee, who meanwhile had ceased being a justice of the supreme court, holding that it was now "competent for the referee to proceed with the case, the proofs not having been closed or the case submitted to him until after the official term had commenced."

If, then, the acts of the parties to this action were tantamount to an express consent or stipulation that Mr. Justice Davy may determine the case, as upon a submission, after he ceased being an appellate division justice, and when he had jurisdiction to hear and determine it, it would seem to be clear that the parties should thereafter be estopped from asserting a prior temporary lack of jurisdiction. Either party had the right to move to have the case sent back to the special term calendar for a new trial after Justice Davy's designation to the appellate division. Neither party availed himself of this right, and no objection was raised to the determination of the case by Mr. Justice Davy. This was equivalent to consenting, after the disability to decide the case had been removed, to a resubmission of the case to the learned justice who had tried it. Another conclusion would result in permitting parties to juggle with the court. The court having had jurisdiction to render a judgment at the time it was rendered, the unsuccessful party should be estopped from now questioning the jurisdiction of the court because of the temporary suspension of jurisdiction. The motion is denied, with costs.

Motion denied, with costs.