MICHAEL MOORE, Appellant, v. JOHN DUFFY, as Sheriff, etc., et al.,
Respondents.

*A receiver's title to real estate — interest remaining in the judgment debtor — action
to apply the land on the judgment — parties.*

The title of a judgment debtor to real estate vests in the receiver of his property,
upon the filing of his appointment in the proper office.

The receiver's title is a qualified one, in the nature of a security for the plaintiff
in the judgment. Subject to the right of the receiver to resort to the land to
pay the judgment, the title remains in the judgment debtor, and a conveyance
of such real estate by him transfers the title thereto, subject to the claim of
the receiver. Such receiver is a necessary party to any action brought to apply
the land to the payment of the judgment.

APPEAL by the plaintiff, Michael Moore, from an order and judg-
ment of the Supreme Court, entered in the office of the clerk of
the county of Westchester on the 28th day of September, 1888 (and
subsequently resettled), sustaining the demurrer of the defendants,
Patrick Farrell and others, to the plaintiff's complaint.

The complaint alleged that on May 10, 1886, Michael Moore
recovered a judgment against one Patrick Farrell, which was dock-
eted in the office of the clerk of the county of Westchester on the
same day, and an execution was issued thereon, by virtue of which
the sheriff levied upon the interest of Farrell in certain real estate,
and after due advertisement exposed the same for sale, and on Octo-
ber 4, 1886, sold the same to Moore for the sum of thirty dollars
and three cents; whereupon the sheriff delivered his certificate of
the sale thereof to Moore, certifying thereby that the sale would
become absolute, and that Moore would be entitled to a deed from
him of such land unless the same should be redeemed agreeably to
the provisions of the statute; such certificate of sale was thereupon
filed in the office of the clerk of Westchester county, and thereafter
the sheriff returned the execution wholly unsatisfied.

That on November 5, 1886, an order was made in supplementary
proceedings brought upon such judgment, which contained the usual
injunction clause. The judgment debtor duly attended before the
judge, as directed by such order, and on November 10, 1886, an order
was made appointing John H. Clapp receiver of all the property,
debts, equitable interest, rights and things in action, effects and

estate, real or personal, of said Patrick Farrell, which order enjoined and restrained Farrell or his agents from making or suffering any transfer of, or interference with, his property not exempt from seizure by section 2463 of the Code of Civil Procedure, or in which he was in anywise interested, except in obedience thereto.

That Clapp duly qualified as such receiver in accordance with the provisions of the order, which was duly filed in the office of the clerk of the county of Westchester on November 10, 1886.

That on December 8, 1886, Farrell with his wife, in consideration of the sum of one dollar, wrongfully and unlawfully, in disobedience to, and in violation of, such order, made, executed and delivered to one Patrick Costello a full covenant warranty deed, dated on that day and recorded on December 13, 1886, in the office of the register of Westchester county, by which Farrell purported to convey to the said Costello the premises in question.

That on December 14, 1886, said Costello obtained from the sheriff of the county of Westchester a sheriff's certificate made and executed by such sheriff in which it was recited that the said Costello had paid to the sheriff the sum of thirty dollars and three cents, the amount realized by the latter upon the sale of such premises under the execution, with interest, and that the said Costello claimed the right to redeem as a grantee of the judgment debtor, under a deed of such premises, whereby it was certified that the premises in question had been redeemed by said Costello, which certificate of redemption was recorded in said clerk's office on December 14, 1886.

That said Costello was then in possession of the premises in question, claiming to own the title to the same in fee simple, and that the deed of Farrell and wife to Costello, and that the certificate of redemption given by such sheriff to Costello, were wholly null and void.

That after the expiration of fifteen months from the date of the sale of such premises under execution, Moore duly demanded from the sheriff the deed conveying to him the premises, but that the sheriff neglected and refused to deliver the same to him.

The relief demanded was for a decree ordering and adjudging that the deed from Farrell and wife to Costello, and the certificate of redemption given by the sheriff to Costello, were null and void,

and for an order directing that the said sheriff execute and deliver to the plaintiff his deed of the premises in question, and for such other and further relief as might be just.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and that there was a defect of parties in that the receiver of Patrick Farrell was not made a party to the action.

*Frederick W. Sherman,* for the appellant.

*F. M. Thompson,* for the respondent Farrell.

*L. C. & W. P. Platt,* for the respondent Costello.

PRATT, J.:

The title of the judgment debtor vested in the receiver on filing his appointment in the proper office. But it was a qualified title in the nature of a security for the plaintiff in the judgment.

As the case contains nothing to show that the title of the receiver has ceased, we must treat it as in force.

The title vested in the receiver being qualified and limited, as stated above, did not exhaust the title of the judgment debtor. Subject to the right of the receiver to resort to the land to pay the judgment, the title remained in the judgment debtor, and the conveyance to Costello transferred to him the title, subject to the claim of the receiver.

He was not a stranger to the title, and his redemption was valid and nullified the sale and the certificate issued thereunder.

The sheriff correctly refused to execute a deed to Moore.

The receiver is a necessary party in any action brought to apply the land to the payment of the judgment. So, should Costello seek to discharge the land from the lien of the judgment, the receiver would be a necessary party.

The demurrer was properly sustained and the judgment must be affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.