fendant "receiver," he becomes a party to the suit in his representative capacity as receiver, and is bound by the judgment therein as such receiver.

Claim of Amelia M. Graham against the Lawyers' Title Insurance Company of the city of New York for loss sustained in respect to a title insured by defendant. Submitted on agreed case. Judgment for defendant.

The defendant insured the title of the plaintiff to certain premises in New York. Subsequently plaintiff's title was rejected, upon an examination for a loan, for which application had been made to the Harlem Savings Bank. The loss which the plaintiff claims to have sustained up to the present time is the sum of $74, paid for counsel fees in the examination of the title. The plaintiff claims that the title is not good and marketable, while the defendant insists that it is, and nothing is due under the policy. On March 31, 1858, Benjamin M. Whitlock was the owner in fee of the premises in question. On that day he executed a mortgage thereon to Gouverneur Morris, to secure the sum of $4,000. Subsequently three judgments were recovered against Whitlock, and docketed in the county of Westchester, in which the premises were situated. Executions thereon were subsequently issued to the sheriff, who returned them unsatisfied, and thereafter supplementary proceedings were instituted, which resulted in the appointment of one John P. Jenkins as receiver of all the property of the said Benjamin M. Whitlock, who was ordered to assign and transfer all his property to the said receiver. In obedience to said order, Whitlock thereafter executed and delivered to the said receiver a deed conveying all of his property, including the premises in question, and the deed was duly recorded. A little later, Whitlock died, and shortly thereafter a suit was commenced to foreclose the mortgage hereinbefore referred to. To this suit John P. Jenkins, receiver, was made a party defendant, being named and described in the title and caption of the said action as follows, and not otherwise, viz.: "John P. Jenkins, receiver." Subsequently he appeared generally in the action by attorney, the notice of appearance stating that he appeared for John P. Jenkins, receiver. Whitlock's heirs and devisees were not all made parties to the suit, but his executors were, and appeared by attorney.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

Masten & Nichols, for plaintiff.
Parsons, Shepard & Ogden, for defendant.

PARKER, J. The plaintiff's first contention is that the title of the debtor Whitlock was not unqualifiedly vested in Jenkins as receiver; that such title as this officer of the court acquired was so qualified and limited as not to exhaust the title of the judgment debtor, which descended to his heirs at law upon his death, and, as they were not made parties defendant in the foreclosure action, they have not been devested of that title. The plaintiff claims that this position is fully supported by Moore v. Duffy, 74 Hun, 78, 26 N. Y. Supp. 340, but a careful examination of the case discloses that this claim is not well founded. In that case the debtor did not convey his real estate to the receiver. An order appointing a receiver was made, and from the time of its filing the real property became vested in the receiver. Code Civ. Proc. § 2468. Subsequently the judgment debtor conveyed his right, title, and interest to a third party, and it was held that, subject to the right of the receiver to resort to the land for the payment of the judgment, the title remained in the judgment debtor, and by his conveyance to Costello became vested in him.

In the case at bar, if the court, after making the order appointing

the receiver, had omitted to take further action, Moore's Case and this one would have been alike, in so far as the question now under consideration is concerned. But Whitlock, instead of conveying whatever interest he had in the premises to a third party, as in Moore's Case, conveyed it to the receiver. If it be assumed, therefore, that by the order appointing Jenkins receiver he only acquired the right to resort to the land to pay the judgment, the title remaining in Whitlock, still that title subsequently became vested in the receiver by the deed from Whitlock. It matters not whether the conveyance was made voluntarily, or in pursuance of an order of the court, for in either case the legal effect was to devest the grantor of title, and vest it in the grantee. Thereafter the right remained in the judgment debtor to call upon the receiver to appoint, which was a chose in action, and passed to the executor, who was made a party defendant in the foreclosure suit. Porter v. Williams, 9 N. Y. 150; Banks v. Potter, 21 How. Prac. 473. The title having been vested in the receiver by a deed duly executed and recorded, it was not necessary that his grantor, or any of his predecessors in title, should have been made parties to the foreclosure suit, but it was essential, in order to devest the receiver of title, that he should be made a party. "John P. Jenkins, receiver," was made a party; but it is said that this was not a sufficient compliance with the rule, which requires that a reasonably definite description of a party appearing in a representative capacity must be contained in the title of the action, or, in default thereof, that the allegations in the body of the complaint must clearly indicate the precise character in which the party is sued. In Landon v. Townshend, 112 N. Y. 93, 19 N. E. 424, Mr. Waddell, general assignee in bankruptcy, was made a defendant, without any addition whatever to his individual name, and he appeared by an attorney; the notice being in the general form, specifying an appearance "for the defendants in the action." So far as the record of the case on appeal shows, there was no reference, either in the summons and complaint, or in the proceedings, at any stage, of the nature of his title or interest in the premises. In form, therefore, the action was against him as an individual, and his appearance was in his individual, and not in his representative, character. It was held that the foreclosure was insufficient to bar the equity of redemption of the defendant as assignee in bankruptcy. In the opinion the court said:

"To bind the estate of a bankrupt in the hands of his assignee by an adverse judicial proceeding, or by a judgment of foreclosure in a suit commenced after the bankruptcy, it is, we think, indispensable that the suit or proceeding should have been brought against the assignee distinctively in his representative and official character, or, at least, that it should in some way appear on the face of the proceedings that they related to, or affected, the bankrupt's estate; and that it is not sufficient that the assignee is individually named in the process or pleadings, without any averment of his representative character. That is, we think, in accordance with the general tenor of adjudication. The papers served on Waddell gave him no notice that the suit related to the property of the bankrupt."

It is said in this case that the receiver did not have notice that the suit related to the property of the judgment debtor, because, while the word "receiver" was used, it was but a descriptio personæ,

and did not give to him other than a personal or individual char-acter in the action. Assuming that such would be its legal effect if standing alone, we are further to inquire whether, considered in connection with other steps in this action, his representative character in the suit was affixed to him. In Beers v. Shannon, 73 N. Y. 293, the court said:

"But it has been held, on the other hand, that though there be nought in the title of the process or the complaint to give a representative character to the plaintiff, that the frame and averments and scope of the complaint may be such as to affix to him such character and standing in the litigation."

It is true that there was nothing in the complaint, aside from a description of the premises, to apprise him that he was made a defendant in his representative capacity; and, if he had refrained from taking a part in the litigation, he might have urged that he did not have notice that he was made a party in his official character. He did not take this course, however, but appeared generally in the suit by attorney, who described him in the notice of appearance as receiver. His voluntary appearance not only indicated that he was in fact apprised that the suit was brought against him in his representative capacity, but, considered in connection with the contents of the summons, it operated to affix to him as a defendant his representative capacity in the suit, and the judgment of foreclosure devested him as receiver of all title to the premises. The defendant should have judgment, with costs. All concur.