(28 App. Div. 103.)

### STIEFEL v. BERLIN et al.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

1. SUPPLEMENTAL PROCEEDINGS—RECEIVER—APPOINTMENT.

If a receiver has been properly appointed in supplemental proceedings on one execution, he may sue to set aside preferential transfers, notwithstanding a proper execution may not have been issued under another judgment to which the receivership has been extended.

2. SAME—APPOINTMENT—COLLATERAL ATTACK.

In an action by a receiver appointed in supplemental proceedings to set aside a preferential transfer, defendants cannot object to the appointment on the ground that the execution was improperly issued, where the papers before the court at the time of the appointment showed a prima facie case giving it jurisdiction to appoint.

3. PLEA IN ABATEMENT—SUFFICIENCY—PARTIES.

A plea in abatement for defect of parties defendant must give plaintiff a better writ by setting out the names of all whom defendant insists should be made parties.

4. PARTNERSHIP—INSOLVENCY—RIGHTS OF CREDITORS.

Under 1 Rev. St. p. 766, § 20, providing that transfers of property by partnerships when insolvent, or in contemplation of insolvency, to any creditor of the firm with preferential intent, shall be void as against creditors, each creditor of an insolvent partnership has the right to assert any lien he may have against its assets for his exclusive benefit.

5. SAME—PREFERENCES—INTENT—EVIDENCE.

Where it is shown that the transfer of property was made with the intent to pay certain creditors in full, although there were not assets sufficient to pay the other creditors, the debtors must be deemed to have intended the consequence of their act, which was to prefer such creditors.

6. SUPPLEMENTAL PROCEEDINGS—RECEIVERS—SETTING ASIDE PREFERENCES.

A receiver in supplemental proceedings, who sues to set aside a preferential transfer, is entitled to receive only so much of the property transferred to defendants, or the proceeds thereof, as is necessary to pay judgments in regard to which he was appointed receiver, and the expenses of the receivership.

Appeal from special term.

Action by Mortimer Stiefel, receiver, against Samuel N. Berlin and another, to set aside transfers of property. Judgment for plaintiff (45 N. Y. Supp. 746), and defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Herman Aaron, for appellants.
Edgar J. Lauer, for respondent.

RUMSEY, J. Benjamin Blumenthal, Otto Rothschild, and Julius Rothschild were co-partners in business in the city of New York, under the firm name of Blumenthal & Co., organized as a special partnership under the laws of the state; Blumenthal and Otto Rothschild being the general partners, and Julius Rothschild the special partner. In the month of October, 1895, a judgment was recovered in the city court of New York against the firm of Blumenthal & Co., upon which, execution having been returned unsatisfied, proceedings supplementary to execution were begun, which resulted in an order appointing the plaintiff receiver of the property of the firm, and, after his appointment, he duly qualified, and assumed the duties of that office. Afterwards, another judgment having been recovered by Spiegelberg and others against the same firm, proceedings of like nature were had, which resulted in the receivership being extended to that judgment also. In the months of September and October, 1895, the firm of Blumenthal & Co. was insolvent. The defendants, constituting the firm of Berlin & Trosky, were creditors of Blumenthal & Co., who on the 25th, 26th, and 27th of September, and the 16th of October, with intent to give a preference to the defendants, paid money and transferred merchandise to them. After the appointment of the plaintiff as receiver, he brought this action, to set aside the transfers to the defendants, and to compel them to account to him, as receiver, in the interest of the judgment creditors whom he represented, for the

money and merchandise which they had received by virtue of their transfers. The learned justice before whom this case was tried at the special term directed the judgment to be entered for the plaintiff for substantially the relief he demanded in the complaint, and from that judgment this appeal is taken.

The first objection raised by the defendant is that the creditors who procured this receivership had not exhausted their remedy at law. The point he makes is that, in the action in which Spiegelberg and others were plaintiffs, a proper execution had not been issued, and therefore the court had no jurisdiction to extend the receivership to the judgment recovered in that action. If this objection were well taken, it would not result in a reversal of the judgment, because there is no question that the plaintiff was properly appointed in the judgment in which Feigel and another were plaintiffs, and, by virtue of that appointment, would be entitled to maintain this action. But the objection is not well taken. While proceedings supplementary to execution are special proceedings (Code Civ. Proc. § 2433), yet they are entitled to every presumption of correctness which attends any other proceeding in a court of competent jurisdiction where the papers presented to the court, and upon which it is asked to take action, show prima facie a case which gives it jurisdiction to act. That was shown by the papers presented to the city court in the case of Spiegelberg. It was for that court to say, upon the papers presented, whether a proper case was made for the issue of an order for examination in supplementary proceedings; and whether the court was wrong upon that point or not (a question we do not decide) cannot be determined collaterally. The court had authority to decide that question, and, having decided it, its determination is conclusive until such decision has been reversed by proceedings taken in the manner provided by the statute. Wright v. Nostrand, 94 N. Y. 31, 45.

The receiver having been properly appointed, the Code vests in him the title of all the property of the judgment debtor for the benefit of the creditor in whose interest he is appointed. Code Civ. Proc. § 2468. As the effect of that appointment, he represented the creditor under whose judgment he was appointed, and he had the same right as the creditor to prosecute actions to set aside all transfers of property which are void as against creditors. Porter v. Williams, 9 N. Y. 142; Manderville v. Avery, 124 N. Y. 376, 26 N. E. 951. This right is expressly given to this receiver, among others, by the statute which authorizes any receiver of the property of an insolvent estate, corporation, association, partnership, or individual to set aside such transfers. Laws 1858, c. 314; 3 Rev. St. (9th Ed.) p. 2166. The plaintiff therefore had a standing in court to maintain this action.

The defendant objects that there is a defect of parties defendant, because all the creditors of the firm of Blumenthal & Co. are not made parties to this action. So far as this is merely a plea in abatement for defect of parties, it is not well pleaded. Where such a plea is attempted to be set up, the rule requires that the defendant should give the plaintiff a better writ, and he must do this by set-

ting out in his answer the names of all those persons who, he insists, should be joined as defendants. Bank v. Dakin, 24 Wend. 411; Hawks v. Munger, 2 Hill, 200. This the defendant here entirely failed to do, and for that reason, regarded as a plea in abatement, his answer raises no question upon that point.

But there is another aspect of the case by reason of which he insists that, as it appears that there are other creditors of the estate of Blumenthal & Co., the plaintiff cannot maintain this action. The statute by virtue of which this action is brought avoids, as against the creditors of the partnership, every sale or transfer of its property made by the partnership when insolvent, with intent of giving a preference to any creditor of the firm. 1 Rev. St. p. 766, § 20. The defendant insists that this statute not only forbids the giving of a preference by the partnership, but requires the court, whenever it shall appear that the firm is insolvent, to marshal the assets of the estate in an action brought for the benefit of all the creditors of the firm, and does not authorize a diligent creditor, who has acquired a lien upon the property of the firm, to enforce his lien to the exclusion of the other creditors. His argument substantially is that the object of the statute is to enforce an equal distribution of the assets of the partnership for all its creditors, and to prevent the acquiring of a preference by one creditor over another, whether that preference shall be gained by the act of the firm, or by proceedings taken by the creditor himself. The question thus presented is not a new one, but has been more than once decided by the courts of this state, and always in favor of the diligent creditor, and against the contention of the defendants. The precise question presented here was determined by the court of appeals in the case of Van Alstyne v. Cook, 25 N. Y. 489; and the reasoning of the court in the opinion there delivered is so plain and conclusive, and so thoroughly applicable to this case, that it is not necessary to repeat it, or to consider the question further.

In Varnum v. Hart, 119 N. Y. 101, 23 N. E. 183, a like question was presented under the statute prohibiting an insolvent corporation from assigning or disposing of its property for the payment of its debts, and prohibiting any assignment in contemplation of insolvency. The court in that case held that, while that statute prohibited the giving of any preference by a corporation, it placed no restraint whatever upon the creditors, and permitted them to pursue their remedies against the corporation in all the ways allowed by the law, and to procure satisfaction of the claim if they could. The prohibitions of the two statutes are alike, and the same principles apply to each. The case of Innes v. Lansing, 7 Paige, 583, decides nothing to the contrary of this. No such question was presented in that case, and the chancellor did not undertake to decide anything further than that a general creditor of an insolvent special partnership might, without procuring a judgment, bring an action for the marshaling of all the assets of the partnership among all the creditors. His argument conceded that the right of a single creditor to assert against the assets of the firm any lien which he had acquired, and which would give him a preference over

.the others, was not affected. Those cases establish the right of each creditor, for his own benefit, to assert, against the assets of the insolvent partnership, any lien which he may have; and in no aspect of the case, therefore, can it be said to be necessary, in an action to enforce that lien, to bring in the other creditors of the firm.

It is claimed that the judgment is erroneous because it was not made to appear that the firm of Blumenthal & Co. made the transfer with the intent of preferring the defendants, or that the defend-.ants were shown to have any intent to procure a preference. The facts clearly establish that, when this transfer was made, the firm of Blumenthal & Co. was insolvent, and that they made this transfer .to the defendants for that reason, and with intent to pay them in full, although they had not sufficient assets to pay their other creditors. This clearly constituted a preference, and Blumenthal & Co., who knew that its necessary effect would be to prefer the de-.fendants, must have been deemed to intend the consequences of their acts. Cole v. Iron Co., 133 N. Y. 164, 30 N. E. 847. It will be seen by reference to the statute that if the transfer is made by the firm when insolvent, with intent to give a preference to the .creditor who receives it, that fact of itself avoids the transfer, with-.out reference to the intent of the creditor to whom the payment is made. But, if it were necessary to establish that the payment was received by the defendants with the intent to procure a preference, we think the evidence fully establishes that fact. It is not necessary here to recapitulate it. It is sufficient to say that it is very .clear from the testimony of the defendant Trosky that he must have known that the firm of Blumenthal & Co. was unable to pay its .debts in the due course of business, and that, when he took the goods which were transferred to him, he had every reason to believe that in no other way would he be able to secure the money which was due, because the firm of Blumenthal & Co. was not able to pay. In any aspect of the case, there was sufficient evidence to warrant the finding that not only was the transfer made by Blumenthal & Co., with intent to give a preference to these defendants, but that the defendants were aware of that intent, and procured the transfer for the purpose of obtaining that preference. The learned court was right, therefore, in concluding that the transfer to the defend-.ants was void,.and must be set aside. But the plaintiff was not entitled to receive all the proceeds of the payment made to the defendants, unless it was all required to pay the two judgments in regard to which he was appointed receiver. He was entitled to .take these proceeds simply to pay the judgments upon which he was appointed receiver and such expenses of his receivership as the court should allow; and, when those payments were made, his lien was satisfied, and he had no further claim upon the assets of this estate. The judgment, as entered, requires the payment to him .of all the proceeds of this merchandise, without regard to its amount. In this it is erroneous. It should be so far modified as to require the payment of the expenses of the reference which is or-dered in the judgment, of the expenses of the receivership which

shall be awarded by the court, of the two judgments of which the plaintiff is receiver, and that the remainder of the proceeds of the merchandise, if anything is left over, shall be retained by the defendants.

With this modification, the judgment should be affirmed, but without costs to either party in this court. All concur.