WHYTE v. DENIKE et ux.

(Supreme Court, Appellate Division, Second Department.  July 17, 1900.)

RECEIVERS—TITLE TO PROPERTY—FRAUDULENT CONVEYANCE—SETTING ASIDE—RENT—RIGHT OF RECEIVER.

Under Code Civ. Proc. § 2468, providing that the property of a judgment debtor is vested in a duly-appointed receiver from the time of the filing of the order appointing him, and Laws 1858, c. 314, authorizing a receiver to disaffirm all transfers made in fraud of the rights of any creditor, where a receiver of defendant's property subsequent to his appointment brought an action in which a conveyance of property by defendant to his wife was set aside as in fraud of creditors, the receiver was not entitled to collect the rent of the property, since he did not obtain title to it by virtue of his appointment, as the conveyance from defendant to his wife was good, except as to creditors, and the title was not in defendant at the time of the appointment, and the rights of the receiver were limited to a sale of the property to satisfy creditors.

Appeal from special term.

Action by James A. Whyte, as receiver, against Charles W. Denike and wife. From an order vacating an ex parte order in favor of plaintiff, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Percival S. Menken, for appellant.
H. J. Morris, for respondents.

WOODWARD, J.  The plaintiff in this action was appointed receiver of the property of Charles W. Denike, one of the defendants, in supplementary proceedings, on or about the 30th day of December, 1895.  He duly qualified, and has since acted in such capacity. Some time subsequent to his appointment as such receiver, plaintiff brought the above-entitled action to set aside as fraudulent a certain deed, dated the 17th day of April, 1893, executed and delivered by Charles W. Denike to his wife, Mary A. Denike. The action resulted in a judgment which adjudged and decreed that the said conveyance was "null and void, and that the judgments aforesaid be, and hereby are, declared to be a lien upon the aforesaid premises fraudulently and collusively attempted to be conveyed as aforesaid." It was also "ordered, adjudged, and decreed that the plaintiff, the said James A. Whyte, as receiver of the property of Charles W. Denike, shall be at liberty to apply to this court at any time, without notice to the defendants, Mary A. Denike or Charles W. Denike, or either of them, for further directions upon the foot of this judgment, and for such other and further relief as to the court may seem just and proper." Acting under this clause of the judgment, the plaintiff applied to the court for an order directing the tenant of the premises described in the judgment to attorn to him as tenant, and to pay the rent of the premises to him. This order was granted ex parte on the 19th day of March, 1900. Subsequently the defendant Mary A. Denike made a motion to vacate the order of March 19th, which motion was granted by an order dated May 3, 1900, and it is from this order vacating the order of March 19th that appeal comes to this court.

The appellant urges that under the judgment and decree of January 18, 1900, the court had power either to appoint a new receiver to collect the rent, or, as the plaintiff was such, to direct him to collect the rents; but in this we are unable to concur. Whatever may have been the theory of the plaintiff in bringing the action, it resulted in a judgment establishing the lien of the judgments under which the plaintiff was appointed as receiver, and not in conveying the title of the premises to him as such receiver. Section 2468 of the Code of Civil Procedure provides that the "property of the judgment debtor is vested in a receiver, who has duly qualified, from the time of filing the order appointing him, or extending his receivership, as the case may be," subject to provisos not applicable to this proceeding. At the time of filing the order under which the plaintiff was appointed as receiver, the defendant Charles W. Denike had no property in the premises in dispute. The title was in Mary A. Denike, one of the defendants, and as between these defendants the conveyance was valid. It was void only as to the creditors of Charles W. Denike. The latter having no interest in the property at the time of the filing of the order appointing plaintiff as receiver, the plaintiff took no title by virtue of his appointment. He was, however, authorized by chapter 314, Laws 1858 (3 Rev. St. [9th Ed.] p. 2166), to "disaffirm, treat as void, and resist all acts done, transfers and agreements made, in fraud of the rights of any creditor"; and he had the right to bring the action to set aside the transfer, and to make the premises subject to the lien of the judgment creditors in whose behalf he was acting. Stiefel v. Berlin, 28 App. Div. 103, 106, 51 N. Y. Supp. 147, and authorities there cited. This the judgment entered in the action at bar accomplished, but it did not vest title in the plaintiff; and the provision of the judgment that the plaintiff should be at liberty to apply to the court for further directions, without notice to the defendants, did not authorize the granting of an order to pay over the rents of this property to the plaintiff. That would be adding to the judgment the very provision which the court held in the case of Wright v. Nostrand, 98 N. Y. 669, should not have been included in the original judgment. The case at bar is fairly within the law as determined in the Wright Case, supra, where a similar action was brought by the receiver; the judgment entered not only giving a lien upon the premises attempted to be transferred, but granting the rents and profits to the receiver. The case was first considered in 94 N. Y. 31, and upon the reargument (98 N. Y. 669) the court say:

"When the case was first here, we decided that the plaintiff was not so appointed receiver, and so vested with the title to the land, that he could recover the rents and profits, and we held that the judgment rendered at the special term should not have been reversed at the general term for any of the technical errors of law alleged against it. There were no errors of law affecting the judgment, but the adjudication therein that the plaintiff was entitled to the rents and profits, and that portion of the judgment the general term should have stricken out."

The plaintiff has a right to have the sheriff sell the premises described in the judgment for the benefit of the creditors in whose place he stands, but he has no title to the property; and whatever is left

after satisfying the claims of the creditors represented by the judgments under which he is acting, and after paying the costs, etc., belongs to the defendant Mary A. Denike, or to such other creditors as may be in a position to assert claims against it. Stiefel v. Berlin, supra; Moore v. Duffy, 74 Hun, 78, 26 N. Y. Supp. 340. The receiver having no title, he is not entitled to the rents and profits of the premises, and the order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.