FRED BAKER, Respondent, *v.* EDWARD BRUNDAGE.

CHARLES COLLINS, Appellant, *v.* EDWARD BRUNDAGE.

*Receiver — appointed in supplementary proceedings — execution not returned unsatisfied — a junior judgment creditor cannot take advantage of the irregularity — when waived.*

The appointment of a receiver of a judgment debtor in proceedings supplementary to execution, instituted upon an affidavit which states that the execution issued against the judgment debtor has been returned unsatisfied, when the fact is otherwise, will not be set aside upon the motion of a junior judgment creditor, as none but the judgment debtor can take advantage of such an irregularity, and where he has consented to the appointment of such receiver, he has thereby waived the same.

APPEAL by Charles Collins, a judgment creditor of Edward Brundage, from an order of the Supreme Court, made at the Orange

Special Term and entered in the office of the clerk of the county of Orange on the 3d day of March, 1894, denying his motion to vacate the supplementary proceedings and order appointing a receiver in the action brought by Fred Baker against Edward Brundage.

*L. S. Sterrit,* for Charles Collins, appellant.

*A. H. F. Seeger,* for the respondent.

DYKMAN, J.:

The plaintiff in the first of these actions obtained a judgment against the defendant therein on the 16th day of January, 1893, for $1,145.90, and an execution was issued thereon to the sheriff of Orange county on the same day.

On the 27th day of July, 1893, proceedings supplementary to execution were instituted upon the judgment. The affidavit upon which such proceedings were based stated that the execution upon the judgment had been returned unsatisfied, but the fact was otherwise.

The judgment debtor was examined under the proceedings and a receiver was appointed by his consent.

On the 20th day of November, 1893, the plaintiff in the second action obtained a judgment against the defendant for $493, and execution thereon was issued to the sheriff of Orange county, which was returned unsatisfied on the same day.

Thereafter, on the 8th day of February, 1894, proceedings supplementary to execution were instituted upon that judgment, which were adjourned to afford time for a motion on behalf of Collins, the plaintiff in the second judgment, to set aside the order appointing a receiver in the first action upon the ground that the execution issued upon the judgment therein had not been returned at the time when the proceedings were commenced.

The motion was denied and an appeal has been taken from the order of denial.

It is unnecessary to examine the irregularities set up by the appellant, because none but the judgment debtor can take advantage of them. (*Underwood* v. *Sutcliffe,* 10 Hun, 453, and cases cited.)

The defendant himself has waived all irregularities by consenting to the appointment of the receiver in the first action.

The order should be affirmed, with ten dollars costs and disbursements.

CULLEN, J., concurred ; BROWN, P. J., not sitting.

Order affirmed, with ten dollars costs and disbursements.