(75 App. Div. 279.)

### SHANNON v. STEGER.

(Supreme Court, Appellate Division, Second Department.　October 3, 1902.)

1. SUPPLEMENTARY PROCEEDINGS—ORDER FOR DELIVERY OF PROPERTY TO RECEIVER.

Code Civ. Proc. § 2447, provides that where it appears from the examination in supplementary proceeding that the judgment debtor has in his possession or under his control personal property belonging to him, or that personal property, his right to the possession of which is not substantially disputed, is in the possession or under the control of another, the judge may, in his discretion, and on such notice, to such persons, as he deems just, or without notice, make an order for the delivery of the property to the receiver. *Held*, that where the debtor testified to the ownership of property stored in his name, but on which he had given a bill of sale to a third person as collateral security, but the judge, without this examination being presented to him, made an ex parte order for delivery of the property to the receiver, the court may, in its discretion, set aside the order.

2. SAME—EXECUTION NECESSARY TO JURISDICTION.

The issuing of an execution being by Code Civ. Proc. § 2432, made a necessary preliminary to the maintenance of supplementary proceedings, a valid execution is essential to jurisdiction, so that it being apparent on the face of the affidavit presented on application for examination of the judgment debtor that execution on the judgment of the city court, a transcript of which was filed in the office of the clerk of the county, was not tested in the name of the chief justice of the city court, as required by subdivision 1, § 338, but by a justice of the supreme court, one having a bill of sale from the judgment debtor, as collateral security, of property ordered to be delivered to the receiver, and a judgment on the claim so secured, may have the appointment of the receiver vacated.

3. SAME—WHO MAY MAKE ORDER FOR PROCEEDING.

Under Code Civ. Proc. § 2434, stating the judge who may make the order by which supplementary proceedings are instituted, unless certain conditions exist, when it may be made by another, those conditions must be shown where the order is made by another judge.

Appeal from special term, Kings county.

Action by Elizabeth Shannon against Robert W. Steger.　From an order setting aside an order appointing Charles J. Carroll receiver in supplementary proceedings, and an order empowering him to sell property of the judgment debtor, said receiver appeals.　Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Willard U. Taylor, for appellant.

John J. Lenehan, for respondent.

HIRSCHBERG, J.　The judgment under which the appellant was appointed receiver was recovered in the city court of the city of New York, and a transcript of it was filed in the office of the clerk of Kings county.　No execution was ever issued upon the judgment, as required by subdivision 1 of section 338 of the Code of Civil Procedure, but an execution tested by a justice of the supreme court was issued to the sheriff of Kings county, and returned unsatisfied. Thereafter, upon an affidavit to the effect that such execution had been "duly issued out of the supreme court, Kings county," and re-

turned unsatisfied, an order was made by a justice of the supreme court for the examination of the judgment debtor in supplementary proceedings, and subsequently by the same justice an order was made appointing the appellant receiver. These orders were made in Kings county, but no affidavit was presented showing that the judges referred to in section 2434 of the Code of Civil Procedure, or any of them, were absent from the county, or for any reason unable or disqualified to act. On his examination the judgment debtor testified to the ownership of certain personal property stored in his name, but upon which he had given a bill of sale to the estate of Alfred Hallenbeck as collateral security for the loan of a considerable sum of money. It appears from the record before us that a judgment was subsequently obtained upon the claim due the estate, and that the representatives of the estate assert the right to the possession and ownership of the property in question by virtue of the bill of sale. Nevertheless, upon an affidavit made by the appellant setting forth the ownership of the property by the judgment debtor, and without the presentation of the examination in supplementary proceedings, an ex parte order was granted, directing that the property be delivered to the appellant as receiver, and that he have full power to sell the same separately or in bulk, at public or private sale, for the best price obtainable. The order appealed from vacates this order, and also the order appointing the appellant receiver, and the appeal has been taken by permission of the court.

The order directing the delivery of the property to the appellant as receiver was not made by the judge by whom the original order or warrant was granted, or to whom it was returnable, as required by section 2447 of the Code of Civil Procedure. While the power conferred by that section is largely discretionary, and may be exercised with or without notice, it is clearly intended that it should be exercised only in view of what may be disclosed upon the examination or testimony taken in the special proceeding. The magistrate, in his discretion, may make the order without notice, or he may require notice to be "given to such persons as he deems just." It cannot be assumed that the order would have been granted without notice in this case, had the fact been disclosed to the court or judge that the estate held a bill of sale transferring the title to the property, even by way of mortgage, or that in such event the property would be regarded as within the terms of section 2447, supra, viz., as property, the "right to the possession whereof is not substantially disputed." Under the circumstances, therefore, the jurisdiction of the supreme court to set aside this order in its discretion cannot be doubted. But the court could also lawfully set aside the order appointing the appellant receiver, and that of itself would destroy the second order. The issuing of an execution is made a necessary preliminary to the maintenance of supplementary proceedings by section 2432 of the Code of Civil Procedure, and the execution must be a valid writ. It is claimed on the part of the appellant that the execution issued herein was defective because of mere irregularity, that no one but the judgment debtor may be heard to question its validity, that the appointment of the receiver was made with the ac-

quiescence of the judgment debtor, and that the executrix of the Hallenbeck estate, on whose application the order appealed from was granted, has no proper standing in court to make the motion until a levy has been made under her judgment. The contention is untenable. The issuing of an authorized and valid execution is essential to the conferring of jurisdiction upon the judge to make the order or warrant by which the proceedings are instituted, and only the judge upon whom that power is conferred by the Code of Civil Procedure may grant the order. The fact that no proper execution had been issued was apparent upon the face of the affidavit presented on the application for the judgment debtor's examination. The cases holding that only the judgment debtor may take advantage of irregularities in the proceeding have no application. The executrix, having a claim which, if valid, would clearly entitle her to the possession of the property, and having recovered a judgment which would entitle her to issue execution and to institute proceedings supplementary thereto, had abundant standing in the premises to justify an application to vacate an appointment which, until vacated, tended to vest the title to the property in the receiver. See Stiefel v. Berlin, 28 App. Div. 103, 51 N. Y. Supp. 147, and cases cited. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.