(86 App. Div. 1.)

### LISNER v. TOPLITZ.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF JUDGMENT DEBTOR—ORDER —COLLATERAL ATTACK.

An order for the examination of a judgment debtor, reciting that it was shown to the satisfaction of the judge that execution had been issued and returned unsatisfied, is conclusive evidence of the regularity of the proceedings, and presumptive evidence of the existence of jurisdictional facts, and cannot be attacked collaterally.

2. SAME—VACATION OF ORDER—DISCRETION OF COURT.

Under Code Civ. Proc. § 2433, providing that the judge granting an order for examination of a judgment debtor may vacate or modify it as if made in an action, or that it may be vacated or modified on motion by the court out of which execution issued, where the order is valid and regular, the question whether it should be vacated, even if the facts could be litigated anew, rests in the sound discretion of the court.

Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Action by David Lisner against Samson L. Toplitz. Plaintiff recovered judgment and obtained an order of examination of defendant in supplementary proceedings and for the appointment of a receiver. The National Citizens' Bank, another judgment creditor of defendant, moved to vacate this order, and appeals from an order denying the motion. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles Blandy, for appellant.

Herbert A. Heyn, for respondent.

LAUGHLIN, J. On the 11th day of March, 1902, one David Lisner obtained a judgment for $7,837.10 against Samson L. Toplitz by confession in an action pending in the Supreme Court in the county of New York. Two days later, on the affidavit of one of the attorneys for the plaintiff showing the recovery of the judgment, that execution thereon had been duly issued to the sheriff of the county of New York and returned by him unsatisfied, the order for the examination of the judgment debtor was obtained ex parte, and served on the same day. The judgment debtor appeared for examination pursuant to the requirements of the order on the 14th day of March, 1902, and, it appearing from his examination that he had property not exempt from execution, the order appointing the receiver was made the same day. The appellant recovered a judgment for $1,583.77 against the same defendant in the City Court on the day the receiver was appointed. Execution was issued on its judgment on the same day, and returned unsatisfied on the 6th day of May thereafter. On the 3d day of June, 1902, the appellant obtained and served an order for the examination of the judgment debtor in proceedings supplementary to execution upon its judgment. Upon his examination pursuant to this order the appellant first learned of the respondent's judgment and proceedings thereon. The appellant, on the 31st day of March, 1903, obtained an order to show cause why the order for the examination of the judgment debtor in proceedings supplementary to execution upon the senior judgment and the order appointing the receiver in said proceedings should not be vacated upon papers showing, among other things, that the execution on the senior judgment was not in fact returned by the sheriff and filed with the county clerk until the 14th day of March, 1902, and that it did not become aware of this fact until about a week prior to the application for the order to show cause. It appears by the certificate of the sheriff and by the transcript of the judgment forming part of the moving papers that the execution on the respondent's judgment was not formally returned until the 14th day of March, 1902; but it appears by the affidavit of the deputy sheriff who had charge of the execution that he made entries in the records of the sheriff's office of the return of this execution on the 13th day of March, 1902, and that it was the custom to enter the executions in the main docket of the sheriff's office on the morning following their return by the deputy, and after such entry the executions are returned to the county clerk.

The appellant contends that the court had no jurisdiction to make the orders, the execution not having been returned unsatisfied; and he bases this contention on the doctrine, which seems well sustained by authority, that proceedings supplementary to execution take the place of a bill of discovery, which would only lie where the judgment creditor had exhausted his legal remedy; and that the issue of a valid execution and its return unsatisfied were prerequisites to obtaining any relief in equity and are still prerequisites to obtaining the benefit of this remedy under the Code. McElwain v. Willis, 9 Wend. 548; Dittmar v. Gould, 60 App. Div. 94, 69 N. Y. Supp. 708; Wright v. Nostrand et al., 94 N. Y. 31; I. & T. N. Bank v. Quackenbush, 143 N. Y. 567, 38 N. E. 728; Matter of Shannon v. Steger, 75 App. Div. 279, 78 N. Y. Supp. 163. It does not follow, however, that the orders were void. If it appeared from the proceedings themselves that the court was without jurisdiction, of course the orders would be void, and might either be disregarded or vacated on the application of the defendant or a junior judgment creditor (Matter of Shannon v. Steger, supra), but in the case at bar the judge had jurisdiction. The order for the examination of the judgment debtor recites that it was shown to the satisfaction of the judge that execution had been issued, and returned unsatisfied. The rule in such case is that the order, when attacked collaterally, is conclusive evidence of the regularity of the proceedings, and presumptive evidence of the existence of the jurisdictional facts, and therefore it cannot be attacked collaterally, but only in a direct proceeding. Palmer v. Colville, 63 Hun, 536, 18 N. Y. Supp. 509; Fischer v. Langbein et al., 103 N. Y. 84, 91, 8 N. E. 251; Wright v. Nostrand, supra. Section 2433 of the Code of Civil Procedure provides that the judge who grants such an order may vacate or modify it as if it were made in an action, and that it may be vacated or modified by the court upon motion, and these remedies were undoubtedly designed to be exclusive. The appellant, however, attacks this order directly by motion under said section of the Code of Civil Procedure, but he is confronted not only with the recital of the jurisdictional facts in the order itself, but with the affidavit upon which the order was granted, showing that the execution had been duly returned unsatisfied. The appellant attacks this affidavit as false. The facts necessary to confer jurisdiction on the court were properly and sufficiently presented. No basis for a charge of fraud or bad faith is shown. The precise hour of the return of the execution does not appear, but from the affidavit of the deputy sheriff it presumptively appears from the course of business that it was returned on the morning of the 14th, and, if so, this was before the appointment of the receiver. The order being valid and regular, the question as to whether it should be vacated, even if the appellant could litigate the facts anew, at most rested in the sound discretion of the court. The respondent's judgment was prior, and he proceeded with due diligence. The equities were with him. The only authority precisely in point is to the effect that the appellant cannot be heard to impeach the affidavit upon which the order was granted. Baker v. Brundage, 79 Hun, 382, 29 N. Y. Supp. 792. The case of Shannon v. Steger is not in conflict with Baker v. Brundage,

for in the former it appeared on the face of the proceedings that the execution had not been returned as unsatisfied.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur, except VAN BRUNT, P. J., and O'BRIEN, J., who dissent.