In the Matter of DAVID LISNER, Respondent, *v.* SAMSON L. TOPLITZ, Defendant.

NATIONAL CITIZENS' BANK OF THE CITY OF NEW YORK, Appellant.

*Matter of Lisner* v. *Toplitz,* 86 App. Div. 1, affirmed.
(Argued January 5, 1904; decided January 19, 1904.)

APPEAL, by permission, from an order the Appellate Division of the Supreme Court in the first judicial department, entered July 7, 1903, which affirmed an order of Special Term denying a motion to vacate an order for the examination of a judgment debtor in supplementary proceedings and an order appointing a receiver therein.

The following question was certified: " Where on the application of a judgment creditor, an order for the examination of a judgment debtor in proceedings supplementary to execution, instituted under subdivision 1 of section 2432 of the Code of Civil Procedure, is made by a justice of the Supreme Court on the 13th day of March, 1902, which order recites that it has been shown to the satisfaction of the court that the execution has been duly issued and returned unsatisfied, and, after the examination of the judgment debtor on the next day disclosing property applicable to the payment of the judgment, a receiver is appointed in the proceeding without objection to the proceedings by the judgment debtor, and where it appears on motion to vacate the order for the examination of the judgment debtor and the order appointing the receiver subsequently made by another judgment

creditor, whose judgment was obtained on the day the receiver was appointed, upon which judgment execution was issued the same day, but not returned unsatisfied until the following month, after which time he also obtained an order for the examination of the judgment debtor under the same subdivision of said section of the Code; that the deputy sheriff who had charge of the first execution made an entry in the records of executions, of which he had charge, in the sheriff's office of the return of this execution unsatisfied on said 13th day of March, and indorsed upon it that no property was found, but that, according to a general custom in the sheriff's office to make entries in the main docket in that office of the return of executions and to return them the morning after they are so returned by the deputy having charge thereof, the entry of the return of this execution was made in said main docket and the execution was returned to the county clerk as unsatisfied on the morning of the 14th day of March — is the junior judgment creditor entitled to have the motion granted as matter of right?"

*Charles Blandy, Charles T. B. Rowe* and *Frederick A. Card* for appellant.

*C. A. Brodek* and *Herbert A. Heyn* for respondent.

Order affirmed, with costs, and question certified answered in the negative; no opinion.

Concur: BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ. Dissenting: PARKER, Ch. J. Absent: O'BRIEN, J.