(100 App. Div. 357)

### MORRIS v. HARBURGER.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. TRIAL—RECEPTION OF VERDICT—JUDGMENT—VALIDITY.

A judgment entered on a verdict received by the clerk, even under the direction of the court, without objection of the parties being interposed to such reception of the verdict, is void.

Van Brunt, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Frederick Morris against Leo Harburger. From a judgment for defendant and an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Louis Zinke, for appellant.

Marcus Newburg, for respondent.

HATCH, J. This action was brought to recover damages for a breach of contract in failing to pay into a partnership established between the plaintiff and a son-in-law of the defendant the sum of $10,000 as a part of the capital of the firm. The trial proceeded to a point where the court submitted the case to the jury. At the close of the charge the judge stated that, as he was about to leave the city, he would authorize the clerk of the court to receive the

verdict of the jury. The parties to the action interposed no objection to this proceeding. The judge directed the jury to write out their verdict when they had agreed, and deliver it to the clerk, and thereupon left the city, and took no further part in the trial. The jury subsequently reported to the clerk, delivering to him their verdict in a sealed envelope. The clerk opened the same, and found recorded therein a verdict in favor of the defendant of no cause of action. Thereupon the clerk received and entered the same as the verdict of the jury.

It is claimed by the appellant that the direction of the court that the clerk receive the verdict was unlawful, and that the judgment entered thereon is void. Such claim seems to find conclusive support in the decisions of the Supreme Court of this state. In French v. Merrill, 27 App. Div. 612, 50 N. Y. Supp. 776, it was held that a verdict received by a justice of the Appellate Division after a trial before another justice, even though it was done by consent of all the parties, was illegal, and that the verdict and the judgment entered thereon were void. This proceeded not alone upon the ground that the Constitution of the state disqualified a judge sitting in the Appellate Division from presiding at a trial, but also upon the ground that the verdict was an essential and important part of the trial, and that the judge presiding could not delegate a person not authorized by law to receive it; that the parties to the action did not estop themselves from raising the question by their consent that the verdict be so received for the reason that the effect of such act was to substitute a creation of their own for the court; that, as it affected the public, and destroyed the constitution of the court, it was wholly void, and waiver or estoppel could not be predicated thereon. In Ingersoll v. Town of Lansing, 51 Hun, 101, 5 N. Y. Supp. 288, it was held, under circumstances quite similar to the case now before us, that the court could not abandon the trial and authorize the clerk to receive the verdict of the jury; that the consent of the parties did not cure such error, as it was a part of the trial, and as such could not be delegated by the court to the clerk, even by consent. The opinion in that case was written by Mr. Justice Follet, and concurred in by Mr. Justice Kennedy. Mr. Justice Martin concurred in the conclusion reached by the court, but stated that he was not "prepared to hold that the parties to an action may not, under any circumstances, stipulate that the verdict may be received and entered by the clerk in the absence of a judge, and be bound by such stipulation." He regarded such question as unnecessary to a decision of that case, but he expressed no further opinion thereon. A like doctrine was announced in Hinman v. The People, 13 Hun, 266. All of these authorities, and many others, are reviewed in the case first above cited, and in principle the conclusion reached by the court thereunder is decisive of the present case. Were the question an original one, I should hesitate in holding that the parties were not estopped by consenting that the clerk receive and enter the verdict; but I regard these decisions as settling this question, so far as the Supreme Court is concerned. Giving force and effect thereto,

the necessary conclusion is that the verdict and judgment in the present case are void.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except VAN BRUNT, P. J., who dissents.