DUBUC, Appellant. v. LAZELL, DALLEY & CO., Respondent. (Supreme Court, Appellate Division, First Department. June 16, 1905.) Appeal from Special Term, New York County. Action by Stanislas Dubuc against Lazell, Dalley & Co. From an order vacating a judgment in his favor and granting a new trial, plaintiff appeals. Affirmed. See 92 N. Y. Supp. 1121. L. E. Warren, for appellant. George H. Fletcher, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

HATCH, J., concurs in the affirmance on the opinion in the case of Morris v. Harburger, 100 App. Div. 357, 91 N. Y. Supp. 409.

LAUGHLIN, J. (dissenting). Appeal by plaintiff from an order of the Special Term vacating the judgment heretofore entered upon a verdict in his favor and granting a new trial. The motion was granted apparently upon the ground that there was no verdict rendered and that there was a mistrial. It appears that Mr. Justice Cochrane presided at the trial, and that the case was submitted to the jury at about 3 o'clock in the afternoon of May 13, 1904. The stenographer's minutes, and also the minutes of the clerk of the court, to show that it was stipulated by counsel for the respective parties in open court before the rendition of the verdict that the same might be received in the absence of the presiding justice with the like force and effect as if he were present. This record is supplemented by affidavits showing that this stipulation was made at the suggestion of the trial justice, who evidently desired to depart for his home at Hudson prior to the usual hour of adjournment, and that it was at once assented to by counsel for the respective parties; that thereupon the justice left the courthouse without adjourning court, and some two hours thereafter, and at about 5 o'clock, the jury returned into court, and in the presence of the respective counsel and in the absence of the presiding judge the clerk of the court, without protest or objection, called the jury and took and entered the verdict in the usual form. The verdict was for $8,000. The defendant four days thereafter duly moved for a new trial on the minutes of the court, raising no objection or question concerning the rendition of the verdict in the absence of the presiding justice. The motion was denied, and subsequently judgment was entered upon the verdict, and the defendant appealed to this court from both the order and judgment. The appeal has been argued and decided by this court, which affirmed the judgment and order, and an appeal has been taken by the defendant to the Court of Appeals, where the case was pending when the motion upon which the order from which the appeal was taken was made. The moving papers show that the record on the appeal from the order and judgment did not disclose the fact that the verdict was rendered in the absence of the

judge, and that therefore the judgment is apparently regular and valid, and the facts showing its invalidity, not appearing upon the record, are not available to the defendant on the appeal now pending in the Court of Appeals. The answering affidavit, however, denies that the absence of the judge at the time the verdict was received is now shown by said record on appeal, and we are referred to pages 14 and 119 of the record, which merely show the clerk's minutes and the stipulation in court, which would indicate, but do not necessarily show, that the verdict was received in the absence of the judge.

It seems not only a startling, but an astounding, proposition that if a judge presiding at a jury trial desires to leave the courtroom for a few minutes, or even longer, and it serves the convenience of the jurors or of the counsel for the respective parties to have the verdict, in case the jury do not require further instructions and agree, taken and recorded in the meantime pursuant to a stipulation made in open court, upon the faith of which the judge directed that disposition, that the stipulation may subsequently be disregarded, not only after the jury has disbanded and the term has adjourned, so that the prevailing party has lost the benefit of the trial, but after the unsuccessful party has, of course with full knowledge of the facts and proceeding on the assumption that the verdict was legal, invoked other remedies to obtain a new trial, thereby putting the trial court to the trouble of hearing, considering, and deciding a motion for a new trial, and occupying the time of the Appellate Division with an appeal from the order and judgment denying relief, and appealing to the Court of Appeals, thereby not only depriving the successful party of the benefit of that trial, but putting him to the trouble and also to the expense of opposing the motion and following and defending the verdict and judgment on appeal, and also delaying him in his right to an immediate trial of the issues, if a mistrial has taken place. It is contended that not only is this a sound legal proposition, but where, as here, the record does not disclose the facts upon which it is claimed that the verdict and judgment are void, that the court may be invoked at this stage of the proceedings to correct the record at the instance of the unsuccessful party, and thus enable him to perpetrate the injustice, and that the court is powerless to deny this relief for want of any discretion, or upon the grounds of waiver or estoppel. I am of opinion that the motion should have been denied. The case of Morris v. Harburger, 100 App. Div. 357, 91 N. Y. Supp. 409, recently decided by this court, is relied upon by the respondent. I am of opinion that an extreme doctrine was laid down in that case, and, while it should be followed as an authority by this court, it should be strictly limited to the facts then presented for adjudication. The facts in that case are distinguishable from those in the case at bar. There the judge gave the direction to the clerk, apparently without consulting the attorneys, and certainly without any stipulation on their part, either in open court or in writing. The most that can be fairly contended is that they were present and did not object or except

to this direction on the part of the judge, and that therefore they should be deemed to have acquiesced therein. Moreover, in that case the motion to set aside the verdict appears to have been promptly made. In the case at bar it is manifest that the trial judge did not attempt to exercise the power of directing the clerk to receive the verdict in his absence, unless by consent. He could doubtless have remained over and presided at the court when the verdict was rendered, or he could have directed the clerk to ask one of his associates to step in and preside when the jury were ready to report, or he could have directed a sealed verdict, to be presented when it would be convenient for him or an associate to be present and receive it. The benefit of the trial would thus have been preserved to the successful party, and to the unsuccessful party as well. By the stipulation of the attorneys the court was led into refraining from making any other provision to insure the verdict against attack. If the record showed that the trial judge was not present when the verdict was received, a different question would be presented, upon which it is unnecessary at this time to express an opinion. If, as claimed by the appellant, it appears by the record on the appeal pending in the Court of Appeals that the verdict was rendered in the absence of the presiding justice, and that rendered the verdict and judgment absolutely void, as claimed by the respondent, there was no need of this motion (Morris v. Harburger, supra); but if, as contended by the respondent and appears to us to be the fact, the record does not show that the verdict was in fact received in the absence of the presiding judge, so that the record is apparently regular and valid, and it requires evidence dehors the record to show the invalidity, if there be any, I am of opinion that the respondent had not the absolute right to an order as of course, it appearing that the verdict was rendered in the absence of the trial judge, vacating the judgment and verdict (Lisnier v. Toplitz, 86 App. Div. 1, 83 N. Y. Supp. 423, affirmed 177 N. Y. 559, 69 N. E. 1125), and upon the record presented I am of opinion that the motion should have been denied (Cox v. People, 80 N. Y. 500). See, also, Baird v. Mayor, etc., 74 N. Y. 382. It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

