### ROTH et al. v. LIGHT et al.

(Supreme Court, Appellate Term. May 15, 1912.)

1. NAMES (§ 18*)—SERVICE OF SUMMONS—SUFFICIENCY OF EVIDENCE.

Evidence *held* sufficient to show that service under a fictitious name was made upon the person intended to be the defendant, and that his attorney was authorized to answer in his behalf.

[Ed. Note.—For other cases, see Names, Cent. Dig. § 17; Dec. Dig. § 18.*]

2. EXECUTION (§ 377*)—SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT.

A judge had no jurisdiction to grant an order for the examination of a defendant in supplementary proceedings, where the affidavit upon which the order was based did not allege that an execution had issued out of the proper court.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1109–1113, 1132–1135; Dec. Dig. § 377.*]

Appeal from City Court of New York, Special Term.

Action by Henry Roth and another against Benjamin Light and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

others.  From an order of the City Court of the City of New York
denying a motion to vacate a judgment on the ground of nonservice
of process and nonappearance, and to vacate an order in supplemen-
tary proceedings, Simon Weisman appeals.  Order denying the motion
to vacate the judgment affirmed, and order denying the motion to
vacate the order in supplementary proceedings reversed, and order va-
cated and set aside.

See, also, 129 N. Y. Supp. 23.

Argued April term, 1912, before SEABURY, GUY, and GER-
ARD, JJ.

Samuel Fine, of New York City (George W. Glaze, of New York
City, of counsel), for appellant.

Edward Mandel, of New York City (Nathaniel Cohen, of New York
City, of counsel), for respondents.

PER CURIAM.  In September, 1905, a summons and complaint
was issued in the City Court in which Samuel Weisman was named as
one of the defendants; the name "Samuel" being stated to be fictitious.
It is claimed by the plaintiffs that service was made upon one Simon
Weisman, and it is not disputed but that he was the person intended
to be the defendant.  Later on one Fried, an attorney, served an an-
swer on behalf of Samuel Weinman and another defendant named
Mirbach.  The answer being verified by Mirbach, the case appeared
upon the City Court calendar in April, 1909.  Simon Weisman, through
an attorney named Fine, submitted an affidavit of a physician as to
his illness and obtained an adjournment of the trial.  On April 26,
1909, a judgment was taken against the defendants named in the sum-
mons by default.

In August, 1911, an order for examination in supplementary pro-
ceedings was served upon Simon Weisman.  He immediately made a
motion for an order setting aside the judgment and vacating the order
for his examination.  He served with his motion papers an affidavit
in which he swore that he had never been served with a summons or
complaint in the action and that he had never authorized Fried to
serve an answer in his behalf or to appear for him in any way.  The
court thereupon appointed a referee to take proof upon this question
and report his conclusions.  All the interested parties appeared before
the referee and a large amount of testimony was taken.  The referee
found as a fact that the defendant Simon Weisman had been "served
with the summons and complaint in the action and that he had duly
appeared in the action by an attorney."  The court below, in its order
denying the defendant's motion, recites that it read the testimony;
and the objection made by the appellant herein, that the testimony
upon the disputed questions of fact was not properly before the court,
is therefore without merit.

[1] The objection that the finding is against the weight of evidence
and that there is no evidence to support the determination of the court
is equally untenable.  The testimony given and the reasonable infer-
ences to be drawn therefrom justified the referee and the court in
holding that Simon Weisman was served, and also that he authorized

an attorney to interpose an answer in his behalf, and it is not disputed that he authorized the attorney, Fine, to appear for him and obtain an adjournment of the trial of the case.

[2] The judge granting the order for the examination of Simon Weisman in supplementary proceedings, however, had no jurisdiction under the facts alleged in the affidavit upon which it was based, as there was no allegation therein that an execution had been issued out of the proper court. Shannon v. Steger, 75 App. Div. 279, 78 N. Y. Supp. 163. It does not appear that any change was ever made in the title of the action; the judgment still remaining against Samuel Weisman. This should be done in the lower court.

The order denying the motion to vacate the judgment must be affirmed, without costs, but with disbursements. The order denying the motion to vacate the order in supplementary proceedings must be reversed, and the order vacated and set aside; but, as the record does not show that the question of jurisdiction was raised in the lower court, the reversal is without costs. All concur.