THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUFUS L. PERRY and Another, Respondents, v. CHARLES W. BERRY, Comptroller of the City of New York, Appellant.

Second Department, November 9, 1928.

Willard S. Allen [George P. Nicholson, Corporation Counsel, and George H. Cowie with him ⁊ the brief], for the appellant.

Leo Guzik [Rufus L. Perry, Joseph J. Zeiger and Ephraim Berliner with him on the brief], for the respondents.

HAGARTY, J. This is an appeal by the defendant, comptroller of the city of New York, from an order of the Supreme Court granting relators' motion for a peremptory mandamus order directing him to pay the sum of $500 to each of the relators as counsel fees, pursuant to an order of the County Court of Kings county assigning relators to defend one Fred Lacey charged by indictment with murder in the first degree.

Upon arraignment on the 19th day of January, 1928, Lacey, according to an affidavit subsequently verified by him, stated to the court that he desired the aid of counsel, that he was wholly destitute of means, and requested that counsel be assigned to him. Upon the 27th day of February, 1928, the day upon which the trial of the indictment was commenced, the County Court made an order under the title " The People of the State of New York against Fred Lacey," reading as follows:

" The defendant having appeared upon arraignment without counsel, and having been asked by the court if he desired the aid of counsel, and the defendant having stated that he does require

counsel, and on reading and filing the affidavit of said Fred Lacey, verified the 27th day of February, 1928, whereby it appears that said defendant is wholly destitute of means to employ counsel or to defray the incidental expenses of his trial on said indictment, now, pursuant to the provisions of Section 308 of the Code of Criminal Procedure, it is

" Ordered, that Rufus L. Perry and Joseph J. Zeiger, Attorneys and Counselors at Law, be and they hereby are assigned as counsel to the defendant herein, to defend him upon the charge of Murder in the First Degree, whereof he stands indicted."

Lacey, represented upon the trial by Messrs. Perry and Zeiger, withdrew his plea of not guilty on the 28th day of February, 1928, and entered a plea of guilty to the charge of murder in the second degree.

Thereafter, and on the 12th day of March, 1928, there was entered in the same action an order of the County Court in which it was certified that the services of each of the relators herein were worth the sum of $500, and the appellant, the comptroller of the city of New York, was therein directed to pay to each of the relators that sum as compensation for services rendered as Lacey's counsel. This order contains many recitals, including " the annexed affidavits and exhibits."

From the affidavit of the relator Perry, one of the affidavits upon which the order was based, it appears affirmatively and conclusively that shortly after Lacey's arrest, and on the 3d day of January, 1928, Mr. Perry was retained by him " subject to the right of the Court to assign counsel for him." The defendant was visited by Mr. Perry repeatedly thereafter and up to the day of the trial, to the end that he might protect the rights of the defendant. When defendant was arraigned in the Homicide Court on the 5th day of January, 1928, Mr. Perry appeared for the defendant and in his behalf entered a plea of not guilty and waived examination. On the eighteenth day of January he served a notice of appearance on the district attorney, and on the twenty-fourth day of February he issued subpœnas for service upon witnesses. While it does not appear that Mr. Zeiger rendered any services to the defendant prior to the date of the assignment, the defendant was competently represented by Mr. Perry. There is, therefore, no distinction in their respective positions under the law.

The rights of the relators depend upon the validity of the order which they claim assigned them as counsel to defend the accused. There can be no compensation for services rendered by them as assigned counsel unless they were properly and legally assigned. The only authority which the court had for making the assignment

is to be found in the provisions of section 308 of the Code of Criminal Procedure (as amd. by Laws of 1925, chap. 97), which, in so far as it is material, provides:

" If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel. When services are rendered by counsel in pursuance of such assignment in a case where the offense charged in the indictment is punishable by death  *  *  *  the court in which the defendant is tried or the action or indictment is otherwise disposed of  *  *  *  may allow such counsel his personal and incidental expenses upon a verified statement thereof being filed with the clerk of such court, and also reasonable compensation for his services in such court, not exceeding the sum of one thousand dollars."

True, it is recited in the order of the County Court, made on the 27th day of February, 1928, more than one month after the defendant was arraigned and entered his plea to the indictment, that " The defendant having appeared upon arraignment without counsel, and having been asked by the Court if he desired the aid of counsel," etc.; but, upon arraignment, another judge presided over the County Court, and the contrary is the conclusive proof in the record.

Unless the defendant appeared for arraignment without counsel, the statute does not apply, and the assignment by the court was an idle ceremony in so far as it is claimed to support an order for compensation. As against the recital in the order, based upon no proof whatsoever, we have not only the positive and affirmative proof submitted by Mr. Perry that he was retained by the defendant on the third day of January, received a retainer on the fourth of January and appeared in the Magistrate's Court for the defendant, but that he appeared on January 19, 1928, "At County Court, Kings County, defendant arraigned on Indictment of Murder, First Degree, before VAUSE, J., in Part I. Defendant stated to Court that Rufus L. Perry was his attorney. Pleaded ' Not Guilty.' Asked for early trial."

The Court of Appeals has expressed unqualified disapprobation of the practice of assigning counsel theretofore retained for the purpose of enabling such counsel to receive compensation from the county, to be paid out of the court fund. (*People ex rel. Van Doren* v. *Prendergast,* 214 N. Y. 16.) Having held that the only authority for making such an assignment is to be found in section 308 of the Code of Criminal Procedure (*supra*), it was further held that it must appear that the accused is without counsel. This, says the court in its opinion, is jurisdictional and cannot

be dispensed with. The distinction attempted to be made by the learned Special Term, in its opinion, that in the *Van Doren* case "there was no recital of any jurisdictional facts in the order to justify it," is not sound. In that case the order itself was not printed in the record, and Judge HISCOCK in his opinion wrote: "We are not, therefore, confronted with any recital of the jurisdictional facts which would have permitted the court to make it. Instead thereof we are made acquainted with facts of a directly opposite tenor than those which would have justified the making of the order and which we must assume were presented to and before the court when the order was made." This is far from a holding that the decision rested upon the circumstance that there was no recital of jurisdictional facts. The positive proof in the case before us destroys any presumption that might arise from the recital in the order made by a court presided over by a judge who was not the presiding judge upon the arraignment. Judge HISCOCK, writing further for the court in the *Van Doren* case, said: "These facts are jurisdictional and they cannot and ought not to be dispensed with. Not only must they be observed but the observation of them should not be in too perfunctory a spirit if on the strength of what an accused may say at such a time the court is going to select a counsel who will be able and willing to discharge the responsible duties of defending a client against the charge of murder in the first degree."

In the case before us the defendant was not a party to the action in which the order assigning counsel was made, and had no standing to move to vacate and set the order aside on the ground that the court was without jurisdiction. He was, however, justified in treating a subsequent order based upon it as a nullity. (*Matter of Lisner* v. *Toplitz*, 86 App. Div. 1; *Matter of Shannon* v. *Steger*, 75 id. 279.)

The other points raised by the defendant need not be decided upon this appeal.

The order should be reversed upon the law and the facts, without costs, and motion denied, without costs.

LAZANSKY, P. J., RICH, KAPPER and CARSWELL, JJ., concur.

Order granting motion for peremptory mandamus order reversed upon the law and the facts, without costs, and motion denied, without costs.